**E.H. MOSHER, Sr., Plaintiff-Appellant,**

v.

**INTERNAL REVENUE SERVICE, et al., Defendants-Appellees.**

No. 84–1918
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 31, 1985.

E.H. Mosher, Sr., pro se.

Glenn L. Archer, Jr., Asst. Atty. Gen., Dept. of Justice, Tax Div., Washington, D.C., Michael L. Paup, Chief, Appellate Section, Gary R. Allen, Steven W. Parks, Attys., Dept. of Justice, Washington, D.C., for defendants-appellees.

Before POLITZ, GARWOOD and JOL-LY, Circuit Judges.

PER CURIAM.

This case is an appeal to determine whether the district court properly granted summary judgment against the appellant who was assessed a civil penalty under section 6702 of the Internal Revenue Code of 1954 for filing a frivolous tax return. Because we find that the civil penalty was properly assessed, we affirm.

**I**

The facts in this case are not disputed. On or about April 14, 1983, E.H. Mosher, Sr., the appellant, filed an IRS Form 1040 purporting to be a federal income tax return for 1982. Mosher had filled out the form, claiming a refund of $2,043.85 but crossed out the following language provided in the space for the taxpayer's signature:

> Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

Inserted beneath the stricken jurat were the typewritten words: "Violates Amend. V, U.S. Constitution."

The IRS informed Mosher that the Form 1040 could not be processed because it was not properly signed under penalties of perjury and requested that he sign an attached jurat. Mosher refused and the IRS assessed a $500 penalty pursuant to 26 U.S.C. § 6702. After paying $75.00 (15% of the assessed penalty as provided in 26 U.S.C. § 6703(c)), Mosher filed a claim for a refund. The IRS denied the refund claim, and Mosher filed the instant suit in the district court, complaining, *inter alia*, that the penalty was improperly imposed and that he was unjustifiably denied his refund of $2,043.85.

The government filed a motion to dismiss or for summary judgment and submitted a copy of Mosher's 1982 tax return. In opposition to the motion, Mosher claimed that the jurat violated the fifth amendment's prohibition against self-incrimination. Mosher reasoned that since persons charged with perjury in connection with their 1040 tax returns usually plead immunity under the fifth amendment, the jurat serves no useful purpose toward prosecution of alleged violators. As a result, Mosher contended that both the jurat and penalty assessment are frivolous, as well as constitutionally obnoxious. Mosher also asserted that compelling him to sign the jurat violated his right of freedom of speech guaranteed under the first amendment.

The district court concluded that the penalty provisions of section 6702 were applicable and granted summary judgment in favor of the IRS. Mosher appeals and we affirm.

**II**

Fed.R.Civ.P. 56(c) allows for a summary judgment when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. When the district court's summary judgment decision is at issue on appeal, all reasonable inferences must be resolved in

favor of the party opposing the motion. *Thornbrough v. Columbus and Greenville Railroad Co.*, 760 F.2d 633, 640 (5th Cir. 1985). "The party who defended against the motion for summary judgment must have his allegations taken as true and must receive the benefit of the doubt when his assertions conflict with those of the movant." *Id.* (citing *E.C. Ernst, Inc. v. General Motors Corp.*, 537 F.2d 105, 108 (5th Cir.1976)).

Mosher does not dispute that he is required to file an income tax return. The parties agree that a 1982 tax return was filled out except that the language including "under penalty of perjury" above Mosher's signature was crossed out. The government contends, however, that by striking the jurat and thus failing to sign the return under penalty of perjury, Mosher was properly assessed a civil penalty under the frivolous return provisions of 26 U.S.C. § 6702.

■ Under 26 U.S.C. § 6702,[1] the IRS may impose a $500 penalty on any individual who files "what purports to be" a tax return when such return (1) does not contain information on which the substantial correctness of the self-assessment may be judged, and (2) is based on a frivolous position. *Anderson v. United States*, 754 F.2d 1270, 1271 (5th Cir.1985). Other provisions of the tax code indicate that a taxpayer is prohibited from altering a jurat on a return. *See* 26 U.S.C. §§ 6061 and 6065. Section 6061 provides that "any return, statement, or other document required to be made under any provision of the internal revenue laws or regulations shall be signed in accordance with forms or regulations prescribed by the Secretary." Similarly, section 6065 provides that "any return, declaration, statement, or other document required to be made under any provision of the internal revenue laws or regulations shall contain or be verified by a written declaration that is made under the penalties of perjury."

■ Although this Court has not yet interpreted section 6702 in the context of this specific conduct, Mosher's conduct appears to fall directly within the prohibitions of the statute. First, by crossing out the jurat, Mosher refused to certify that the entries on the form were correct. Without this certification, the IRS could not properly process the return or assess the substantial correctness of his self-assessment. The Tenth Circuit, in addressing this identical issue, held that an income tax return which is not signed under penalties of perjury is invalid and cannot be processed by the IRS. *Borgeson v. United States*, 757 F.2d 1071, 1073 (10th Cir.1985). That court wrote:

> The absence of the verification precludes the IRS from judging the "substantial correctness" of the return because the required "information" that the return has been verified under "penalty of perjury" is absent. Therefore, in light of the statute itself and the legislative history, the frivolous return penalty was properly imposed.

*Id. See also Green v. United States*, 593 F.Supp. 1341, 1343–44 (N.D.Ind.1984). We agree. "It is well established in this Circuit, however, that the submission of a 'return' from which tax liability cannot be computed does not satisfy the statutory obligation to file." *Knighten v. Commis-*

---

1. Section 6702 (effective September 3, 1982) provides:

 (a) Civil penalty.—If—

 (1) any individual files what purports to be a return of the tax imposed by subtitle A but which—

 (A) does not contain information on which the substantial correctness of the self-assessment may be judged, or

 (B) contains information that on its face indicates that the self-assessment is substantially incorrect; and

(2) the conduct referred to in paragraph (1) is due to—

 (A) a position which is frivolous, or

 (B) a desire (which appears on the purported return) to delay or impede the administration of Federal income tax laws,

then such individual shall pay a penalty of $500.

 (b) Penalty in addition to other penalties. The penalty imposed by subsection (a) shall be in addition to any other penalty provided by law.

*sioner,* 702 F.2d 59, 61 (5th Cir.), *cert. denied,* 464 U.S. 897, 104 S.Ct. 249, 78 L.Ed.2d 237 (1983).

 Second, Mosher struck the jurat clause on his Form 1040 "due to a position which is frivolous" within the meaning of section 6702(a)(2)(A). There can be no doubt regarding the status of a tax form that is not verified under penalties of perjury as the Supreme Court held over fifty years ago that an unsworn tax return failed to satisfy the requirements of law. *Lucas v. Pilliod Lumber Co.,* 281 U.S. 245, 50 S.Ct. 297, 74 L.Ed. 829 (1930). Moreover, the Internal Revenue Code requires that returns be verified under penalties of perjury and provides no exception to that rule. Code Sec. 6065. Thus, there is no conceivable legal foundation for striking the jurat and Mosher's action in that regard must be viewed as frivolous as a matter of tax law. Since Mosher's return did not contain information on which the substantial correctness of the self-assessment could be judged, and Mosher's position was indeed frivolous, we conclude that the civil penalty was properly imposed.

In conclusory terms Mosher seeks to justify his position by alleging violations of his right to a jury trial and other constitutional provisions, including the first, fourth, and fifth amendments. These contentions are meritless.

Mosher was not denied a right to a jury trial since no genuine issue of fact remained that required a trial. *Davis v. United States,* 742 F.2d 171, 173 (5th Cir. 1984). Mosher has not shown that the fourth amendment has any relevance whatsoever to these facts. Nor is noncompliance with the tax law protected by the first amendment. *Borgeson,* 757 F.2d at 1073; *Franklet v. United States,* 578 F.Supp. 1552, 1556 (N.D.Cal.1984), *aff'd,* 761 F.2d 529 (9th Cir.1985); *United States v. Malinowski,* 472 F.2d 850, 857 (3d Cir.), *cert. denied,* 411 U.S. 970, 93 S.Ct. 2164, 36 L.Ed.2d 693 (1973). The statute is not unconstitutionally vague as a person of ordinary common sense could understand the conduct that is prohibited or subject to

penalty. *See Arnett v. Kennedy,* 416 U.S. 134, 159–63, 94 S.Ct. 1633, 1646–49, 40 L.Ed.2d 15 (1974).

### III

As the income tax form is frivolous within the meaning of section 6702, the IRS lawfully assessed a $500.00 penalty. Accordingly, the district court properly granted summary judgment in favor of the government; the district court is therefore affirmed.

AFFIRMED.