**Nandor HETTIG, Appellant,**

**v.**

**UNITED STATES of America, Appellee.**

**No. 87–2602.**

United States Court of Appeals,
Eighth Circuit.

Submitted April 5, 1988.

Decided May 4, 1988.

Reconsideration Denied
June 1, 1988.

Nandor Hettig, pro se.

Gary R. Allen, Washington, D.C., and William S. Rose, Justice Dept., for appellee.

Before HEANEY, BOWMAN and BEAM, Circuit Judges.

## PER CURIAM.

Nandor Hettig appeals from the order of the District Court[1] granting the government's motion to dismiss and for summary judgment in Hettig's action for refund of a penalty imposed under 26 U.S.C. § 6702 for filing a frivolous tax return. The government seeks sanctions against Hettig for filing a frivolous appeal.

Hettig and his wife, Helen, submitted a joint Form 1040 return for the tax year 1985 which they signed. However, the portion of the jurat above Hettig's signature stating that the signature was provided "under penalties of perjury" was crossed out. The remainder of Hettig's return was properly filled out and claimed a refund of $323 to be applied to their 1986 estimated tax.

In July 1986, the Internal Revenue Service (IRS) notified Hettig that the Form 1040 he filed for 1985 did not constitute a valid return and could not be processed because it was not signed under penalties of perjury. Hettig was also informed that his return constituted a frivolous return and was subject to a $500 penalty under section 6702. The IRS requested that Hettig execute a declaration identical to that contained in the Form 1040 jurat within thirty days. Hettig refused. Thereafter, the IRS assessed a $500 penalty against

Hettig pursuant to section 6702. Hettig paid 15% of the penalty as provided by section 6703 and brought an action for a refund. The IRS subsequently filed a notice of levy with Hettig's employer for the remaining balance of $451.44.

In his complaint, Hettig admitted crossing out the portion of the jurat but claimed that it was pursuant to his rights of free expression and that the imposition of the penalty amounted to "Marxist oriented ideology." The District Court granted summary judgment in favor of the IRS but denied its motion for sanctions. On appeal, Hettig raises the same issues as below.

■ Under section 6702, the IRS may impose a $500 civil penalty on a taxpayer who files a return which (1) does not contain information on which the substantial correctness of the self-assessment may be judged, and (2) is based on a position which is frivolous. *Mosher v. IRS*, 775 F.2d 1292, 1294 (5th Cir.1985) (per curiam), *cert. denied*, 475 U.S. 1123, 106 S.Ct. 1645, 90 L.Ed.2d 189 (1986).

Section 6065 provides that "any return ... required to be made under any provision of the internal revenue laws or regulations shall contain or be verified by a written declaration that is made under the penalties of perjury." A tax return that does not contain such a declaration does not contain information on which the substantial correctness of the self-assessment may be judged. *Mosher*, 775 F.2d at 1294; *Borgeson v. United States*, 757 F.2d 1071, 1073 (10th Cir.1985) (per curiam). Furthermore, "there is no conceivable legal foundation for striking the jurat." *Mosher*, 775 F.2d at 1295; *see also United States v. Lee*, 455 U.S. 252, 260, 102 S.Ct. 1051, 1056–57, 71 L.Ed.2d 127 (1982) (the maintenance of a functional federal tax system is a sufficiently important governmental interest to justify incidental regulation upon first amendment rights).

■ Moreover, section 6702 does not infringe upon a taxpayer's first amendment

---

**1.** The Honorable Edward L. Filippine, United States District Judge for the Eastern District of Missouri.

rights because it penalizes only noncompliance with federal tax laws, not a taxpayer's freedom of expression. *Eicher v. United States,* 774 F.2d 27, 29–30 (1st Cir. 1985) (per curiam).

 Finding no error, we summarily affirm the decision of the District Court. *See* 8th Cir.R. 14. In addition, we agree with the government that this appeal is frivolous and entirely without merit and that sanctions therefore should be imposed. We impose on Hettig sanctions in the amount of $250 pursuant to Fed.R.App.P. 38. *See Baskin v. United States,* 738 F.2d 975, 977 (8th Cir.1984) (per curiam).