E. H. MOSHER, SR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Mosher v. Commissioner
Docket No. 47673-86.
United States Tax Court
T.C. Memo 1989-157; 1989 Tax Ct. Memo LEXIS 157; 57 T.C.M. (CCH) 61; T.C.M. (RIA) 89157; April 10, 1989. E. H. Mosher, Sr., pro se. Abbey B. Garber, for the respondent. CLAPP
MEMORANDUM FINDINGS OF FACT AND OPINION CLAPP, Judge: Respondent determined deficiencies in and additions to petitioner's Federal income tax for 1982 as follows: Additions to Tax
Deficiency
sec. 6653(a)(1) [1]
sec. 6653(a)(2)
sec. 6661
$ 13,131
$ 656.55
50% of the
$ 1,313.10
interest due on
$ 13,131
Respondent amended his answer to request that the addition to tax pursuant to section 6661 be in the amount of $ 3,282.75. After concessions, including a concession by respondent to petitioner's insistence that his gross income was greater than determined by respondent, [2] the issues are (1) whether petitioner is entitled to deduct $ 17,213.07 as traveling expenses while away from home in the pursuit of a trade or business under section 162(a)(2) for the 1982 taxable *159 year; (2) whether petitioner is liable for additions to tax under 6653(a) and (3) whether petitioner is liable for an addition to tax for a substantial understatement of income tax under section 6661. FINDINGS OF FACT Some of the facts are stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. At the time the petition was filed, petitioner resided in Haltom City, Texas. Petitioner is a contract engineer who has worked on various projects (many defense related) for about 35 years. For a number of years, he has rented the house at 2910 West Hillcrest in Dayton, Ohio (the Dayton address). Prior to late 1977, he lived at the Dayton address while he worked in the Dayton area. However, beginning in late 1977, he took a number of jobs outside Dayton. Petitioner admits that he did not physically reside at the Dayton address from November 6, 1977 through the end of December 1987. He did continue to rent the house during those *160 years, but he sublet the house to a deputy sheriff. The deputy sheriff was no relation to petitioner and paid a fair rental for the house. During the years that petitioner sublet the house, the utility and telephone bills continued to be in his name. In addition, during these years he left some of his personal property in the house. Petitioner purchased the house on February 29, 1988. During 1982, petitioner expended $ 12,566.11 for meals and lodging; $ 4,023 for auto expenses; $ 513.67 for laundry and dry cleaning; $ 47.29 for medical expenses; and $ 63 for supplies. The sum of these expenses was $ 17,213.07. All of these expenses were incurred outside of Dayton. Petitioner presented various documents that allegedly established his residence in Ohio during 1982. One was a Certification of Permanent Residence dated July 14, 1982, which petitioner submitted to his employer, B and M Associates, Inc. at General Dynamics Corporation in Fort Worth, Texas. In this document, petitioner stated that he was eligible for per diem payments because the Dayton address was more than 50 miles from his place of work. Another document was a Personnel Security Questionnaire dated August 20, 1981, in *161 which petitioner listed his residence at the Dayton address. Petitioner also introduced into evidence several letters from employers who stated that he would receive per diem living allowances. As further proof of his Ohio residence, petitioner presented an opinion of the Court of Appeals of Montgomery County, Ohio dated June 17, 1985. This opinion held that Ohio had the authority to levy its personal income tax on petitioner. In so holding, the court largely relied upon Mosher's representation that for purposes of the Federal income tax he was an Ohio resident. Petitioner timely filed a Form 1040 for the 1982 taxable year. He crossed out the following language provided in the space for the taxpayer's signature: Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge. Below the stricken jurat he typed: "Violates Amend. V, U.S. Constitution." Respondent informed petitioner that the Form 1040 could not be processed because *162 it was not properly signed under penalties of perjury. Respondent requested that petitioner sign a jurat. Petitioner refused and respondent assessed a $ 500 penalty pursuant to section 6702. Petitioner paid a portion of the penalty and filed a refund claim. After respondent denied the refund claim, petitioner filed suit in District Court, which granted summary judgment in favor of respondent. Petitioner appealed to the Fifth Circuit and lost, and then was denied certiorari in the Supreme Court. Mosher v. Internal Revenue Service,775 F.2d 1292 (5th Cir. 1985), cert. denied 475 U.S. 1123 (1986). On September 26, 1986, petitioner filed a Form 1040 and a Form 1040X for 1982. OPINION The issue facing us is whether petitioner is entitled to deduct $ 17,213.07 of living expenses under section 162(a)(2). Section 162(a)(2) allows "as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including * * * traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit *163 of a trade or business." The "purpose of * * * [section 162(a)(2)] is to mitigate the burden of the taxpayer who, because of the exigencies of his trade or business, must maintain two places of abode and thereby incur additional and duplicate living expenses." Kroll v. Commissioner,49 T.C. 557, 562 (1968); Verner v. Commissioner,39 T.C. 749 (1963). Ordinarily, if the location of a taxpayer's abode differs from the vicinity of his workplace, his "tax home" for purposes of this section is his principal place of employment. However, we have recognized an exception to this general rule when a taxpayer's employment, due to business reasons, takes him temporarily (as distinguished from indefinitely) to a location distant from his abode. Michaels v. Commissioner,53 T.C. 269 (1969). The burden of proof rests with the taxpayer. Rule 142(a); Welch v. Helvering,290 U.S. 111 (1933). An obvious precondition to a taxpayer being away from home is that he must first have a home from which he can be away. Bochner v. Commissioner,67 T.C. 824, 828 (1977). If a taxpayer has no such permanent residence and *164 no principal place of employment, he is an itinerant for purposes of section 162(a)(2). Hicks v. Commissioner,47 T.C. 71 (1966). Petitioner claims that the Dayton address was his home during the years in issue. However, petitioner's minimal contacts with the Dayton area are insufficient to establish it as his "tax home" for purposes of section 162(a)(2). In evaluating whether a taxpayer's putative home is bona fide, we will not be swayed by mere formalisms, but rather will examine the totality of the circumstances. Here, on certain documents petitioner asserted that his home was in Dayton. Such assertions are of limited probative value. Similarly, we attach little weight to the opinion of the Court of Appeals of Montgomery County, Ohio. It is clear that the court was heavily influenced by petitioner's claim on his Federal income tax return that he did live in Ohio. We attach significant weight to petitioner's admission that he did not live in Dayton for a 10-year period which included the year in issue. In addition, in the Montgomery County Court of Appeals case, petitioner claimed he was not an Ohio resident. It is hard to reconcile that claim with his *165 present claim that he was an Ohio resident. It appears that petitioner changes his story depending upon the court in which he finds himself. Because the purpose of section 162(a)(2) is to provide a measure of relief to the taxpayer who must incur duplicate living expenses, it is elemental to the application of that section that the taxpayer "incur substantial continuing living expenses at a permanent place of residence." Bochner v. Commissioner,67 T.C. at 828, citing James v. United States,308 F.2d 204 (9th Cir. 1962). Petitioner has presented no evidence that he incurred any expenses at the Dayton address. Apparently his only expenses were rent and utilities and, as well as we can tell, the sublessee fully reimbursed him for these expenses. Accordingly, we conclude that the Dayton address was not petitioner's "tax home," and that he is not entitled to deduct any of the $ 17,213.07 of living expenses. Respondent determined additions to tax under section 6653(a)(1) and (2). This section provides for additions to tax if any part of an underpayment of tax is due to negligence or intentional disregard of rules and regulations. An underpayment *166 is defined to be the amount of tax imposed if a return was not filed on or before the last day prescribed for filing such return. Sec. 301.6653-1(c)(1)(ii), Proced. and Admin. Regs. Petitioner did not file a valid return because he omitted the jurat. Sec. 6065; Lucas v. Pilliod Lumber Co.,281 U.S. 245 (1930). This issue involving this petitioner for this year has been resolved once against petitioner by the District Court for the Northern District of Texas and the Fifth Circuit. Mosher v. Internal Revenue Service,775 F.2d 1292 (5th Cir. 1985), cert. denied 475 U.S. 1123 (1986). Accordingly, he underpaid his taxes with the amount of his underpayment equalling the amount of tax imposed. His underpayment is due to intentional disregard of rules and regulations. Petitioner is liable under section 6653(a)(1) and (2). Finally, respondent determined that petitioner was liable for an addition to tax under section 6661 due to a substantial understatement of his income tax liability. An understatement is the excess of the amount of tax required to be shown on the return over the amount of tax shown on the return. Sec. 6661(b)(2)(A). An *167 understatement that exceeds the greater of $ 5,000 or 10 percent of the tax required to be shown on the return qualifies as a substantial understatement. Sec. 6661(b)(1)(A). If no return was filed for the taxable year, the amount of tax shown on the return is considered to be zero. Sec. 1.6661-2(d)(2), Income Tax Regs. Petitioner failed to file a valid return for the year 1982. Accordingly his understatement exceeded $ 5,000 or 10 percent of the tax required to be shown on the return, and he is liable under section 6661. Approximately 4 months after the trial in this case, petitioner filed a Motion to Admit Documents Into Evidence. The documents sought to be admitted were similar to those described in the findings of fact. None of the documents would have helped petitioner's case. We deny the Motion to Admit Documents Into Evidence. Petitioner also filed a Motion to Strike the Fifth Circuit Court Opinion, which we also deny as being somewhat beyond our jurisdiction. Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Because petitioner insisted upon the increase in his gross income, both the deficiency and the additions to tax are greater than determined by respondent in his notice of deficiency.↩