**E.H. MOSHER, Sr., Plaintiff,**

v.

**INTERNAL REVENUE SERVICE, et al., Defendants.**

**No. C–3–87–368.**

United States District Court, S.D. Ohio, W.D.

Aug. 8, 1989.

E.H. Mosher, Sr., Dayton, Ohio, pro se.

Joanne C. Rutkowski, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., Jan Holtzman, Asst. U.S. Atty., Dayton, Ohio, for defendants.

DECISION AND ENTRY ON PENDING MOTIONS; INTER ALIA, DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT (DOCS. #3 and #24) SUSTAINED IN PART AND OVERRULED IN PART; PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OVERRULED IN PART AND CONDITIONALLY SUSTAINED IN PART; DIRECTION TO PLAINTIFF

RICE, District Judge.

This case is now before the Court on Defendants' Motion to Dismiss or in the Alternative for Summary Judgment, (Docs. #3 and #24) and on Plaintiff's Motion for Summary Judgment (Doc. #8), Motion to Transfer Tax Court Case (Doc. #27), Motion to Amend the Complaint (Doc. #29), Motion for a Hearing (Doc. #30), Motion to Strike Defendants' Motion to Dismiss (Doc. #32) and Motion to Strike the Fifth Circuit Court Opinion (Doc. #33). For reasons briefly set forth below, Defendants' Motion to Dismiss or in the Alternative for Summary Judgment is granted in part and overruled in part, Plaintiff's Motion to Amend is granted, Plaintiff's Motion to Transfer the Tax Court Case is overruled, Plaintiff's Motion to Strike Defendants' Motion to Dismiss (which functions as a memorandum contra to Defendants' motion) is overruled, Plaintiff's Motion to Strike the Fifth Circuit Opinion is overruled, Plaintiff's Motion for Summary Judgment is overruled in part and conditionally granted in part and Plaintiff's Motion for a Hearing is declared moot.

The material facts are not in dispute (Doc. #3, Memorandum, p. 1). This case involves a taxpayer whose long-time practice was to delete the printed jurat above his signature on his income tax return and to enter a constitutional objection (Doc. #1, p. 4). In 1983, after the enactment of 26 U.S.C. Section 6702,

> "The IRS informed Mosher that the Form 1040 could not be processed because it was not properly signed under penalty of perjury and requested that he sign an attached jurat. Mosher refused, and the IRS assessed a $500 penalty pursuant to 26 U.S.C. Section 6702."

*Mosher v. IRS*, 775 F.2d 1292, 1293 (5th Cir.1985). After the IRS denied a refund claim, Defendant filed "an appeal on that penalty pursuant to 26 U.S.C. Section 6703" (Doc. #1, p. 4). That case was eventually resolved in favor of the Government and against Plaintiff in *Mosher v. IRS*, 775 F.2d 1292 (5th Cir.1985). While that case was still pending, Plaintiff filed his 1983 income tax return, again deleting the jurat and inserting a constitutional objection (Doc. #1, p. 4), and on April 28, 1984, the IRS again requested that Plaintiff file in accordance with the tax rules (Doc. #1, p.

8). This time, on June 6, 1984, Plaintiff complied and filed a supplemental return as requested, without the deletion of the jurat (*Id.*). For both tax years, 1982 and 1983, all income tax due and owing had been paid prior to the filing deadline and Plaintiff was entitled to a refund (*Mosher*, 775 F.2d at 1293; Doc. # 1, p. 6).

On May 7, 1984, the IRS executed a Notice of Assessment of Civil Penalty against Plaintiff for filing a frivolous return which, although mailed to the address listed on Plaintiff's 1983 tax return (Doc. # 3, Exhibit 2) did not reach Plaintiff, who had moved several times in accord with his employment, until April 11, 1987 (Doc. # 1, p. 8). On June 9, 1987, Plaintiff contacted Defendant Revenue Officer Douglas Parks and agreed to pay the penalty upon Defendant Parks' confirmation of the basis for it, which agreement Plaintiff understood to be acceptable to Defendant Parks (Doc. # 1, p. 9). On the same date, however, Defendant Parks, upon the direction of his superior, Defendant Matthews, executed a Notice of Levy against Plaintiff's bank account, which levy was released upon payment of the penalty in full by Plaintiff on June 11, 1987 (Doc. # 1, p. 10).

Plaintiff's amended complaint (Doc. # 13) (Plaintiff now again moves to amend (Doc. # 29) to make technical corrections, which motion is hereby granted) asserts jurisdiction under 26 U.S.C. Section 6703 and Fed. R.Civ.P. 82, with claims of misappropriation of the amount of the penalty and interest paid ($693.05) against all Defendants (Doc. # 13, p. 2), fourth amendment violations against the IRS (p. 11), and defamation (Doc. # 13, p. 2) in violations of Plaintiff's fifth amendment due process and fourth amendment rights (Doc. # 13, p. 11) against Defendants Matthews and Parks. Plaintiff seeks "full re-payment of the $693.05; costs; compensation for time expended; legal fees; $100,000 in exemplary damages "in compensation for" the allegedly wrongful frivolous tax penalty assessment and $500,000 exemplary damages "in compensation for" the alleged violation of Plaintiff's constitutional rights, "such award[s] to be paid by the United States Government"; and punitive damages against the named Defendants for defamation and constitutional violations (Doc. # 13, p. 19 through 20).

Plaintiff's jurisdictional assertions are not sufficient to establish a basis for jurisdiction in this Court: 26 U.S.C. Section 6703 addresses timeliness and partial-payment in suits brought to contest collection of an assessed penalty and Fed.R.Civ.P. 82 merely disclaims effect by the rules or the otherwise-existing jurisdiction of the Court. Furthermore, there is some confusion as to Plaintiff's claims—in Plaintiff's Motion for Summary Judgment and Memo Contra to Defendants' Motion to Dismiss or in the Alternative for Summary Judgment (Doc. # 8), filed after the initial Complaint, Plaintiff appears to withdraw his request for exemplary damages against the Government and for punitive damages against the individual Defendants (Doc. # 8, p. 2 through 3). These requests, however, reappear in the Amended Complaint which is essentially the same with respect to these claims as the initial complaint. Nonetheless, *"pro se* complaints are to be liberally construed and 'must be held to "less stringent standards than formal pleadings drafted by lawyers."' " *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir.1986) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976)).

■ As the Government correctly contends, the Government is immune from suit except insofar as it consents thereto, and the only proper basis for suit to recover the $693.05 is under 26 U.S.C. Section 7422, which does not provide for additional damages, compensatory or exemplary (Doc. # 3, Memo, p. 5). Plaintiff apparently concedes this contention (Doc. # 8, p. 2) and the Government does not dispute that Plaintiff has satisfied the procedural prerequisites for suit under Section 7422 (as evidenced by Doc. # 1, Exhibit 3(a)); therefore, the Court will consider Plaintiff's claims regarding the allegedly wrongful assessment of the frivolous tax return penalty and interest as a claim brought under Section 7422. Claims brought against Government officials in their representative capacities are to be deemed claims

brought against the Government, *Rochefort v. Gibbs,* 696 F.Supp. 1151, 1152 (W.D. Mich.1988), for which Plaintiff's sole remedy in the case at bar lies in the relief provided through Section 7422. With respect to the individual named Defendants, President Ronald Reagan, James A. Baker, III, Secretary of the Treasury, Lawrence B. Gibbs, Commissioner of the Internal Revenue Service; and Internal Revenue Service Officials Patrick J. Ruttle and John Doe are apparently sued in their official capacities; no individual claims of misconduct are made against them. Consequently, claims against these Defendants must be dismissed.

██ Plaintiff's claims that the actions of Defendants Matthews and Parks in effecting a levy against Plaintiff's bank account in the amount of the unpaid penalty and interest constitute defamation (Doc. # 13, pp. 2, 9). Under 28 U.S.C. Section 2679(b)(1) (effective November 18, 1988, for all actions pending on or filed on or after that date, P.L. 100–694 Section 8(b)), a Government employee is immune from suit "for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." Thus, the common law tort claims of defamation against Defendants Matthews and Parks must be dismissed. This absolute immunity does not extend to claims of constitutional torts, 28 U.S.C. Section 2679(b)(2); however, as the Government correctly notes (Doc. # 3, Memo, p. 7), Government officials are entitled to qualified immunity "insofar as the conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). In this case it is not claimed that Defendants Matthews and Parks acted in violation of IRS laws or rules in effecting the levy, but rather that the levy was unnecessary and, without the prior acquisition of a warrant authorizing such levy, in violation of Plaintiff's fifth amendment due process and fourth amendment rights (Doc. # 13, p. 10 through 11). Contrary to Plaintiff's contentions, however, it is beyond dispute that unpaid taxes may be collected, without a warrant, by "administrative levy ... [which] does not require any judicial interference." *United States v. National Bank of Commerce,* 472 U.S. 713, 720, 105 S.Ct. 2919, 2924, 86 L.Ed.2d 565 (1985); *Phillips v. Commissioner,* 283 U.S. 589, 51 S.Ct. 608, 75 L.Ed. 1289 (1931). Although Plaintiff concludes he "must emphatically disagree with said Court, as well as with several related decisions," (Doc. # 8, p. 12) the Supreme Court is the final adjudicator of the laws and Constitution of the United States, and this Court and all others are bound by Supreme Court decisions.[1]

██ Plaintiff's sole surviving claim is, thus, his principal claim that he is entitled to recover from the Government the $693.05 frivolous tax-return penalty and interest for the deletion of the jurat on his 1983 tax return. If the case law regarding the application of Section 6702 penalties to returns with the jurat deleted was not fully developed in 1983, it is now. A number of circuits have now addressed the issue, including the Sixth Circuit by whose decisions this Court is bound, with the conclusions that (1) the penalty is properly assessed against such returns and (2) the requirement that a taxpayer certify the correctness of his tax return does not violate the Constitution.[2] *Parkinson v. Secretary of the Treasury,* 802 F.2d 459 (6th Cir.1986).

---

1. Plaintiff also emphatically disagrees with the decision of the Fifth Circuit in *Mosher v. IRS,* 775 F.2d 1292 (5th Cir.1985) and moves this Court (Doc. # 33) to strike citation to that case from the Government's Motion to Dismiss or in the Alternative for Summary Judgment (Doc. # 3). That case represents persuasive but not binding authority for this Court. Plaintiff's Motion to Strike (Doc. # 33) is overruled.

2. Plaintiff herein does not contend that he was required to make or certify any specific incriminating admissions (such as involvement in an illegal income-producing activity) to which fifth amendment protections would attach.

There is, however, one aspect of this case, which is troubling and which distinguishes it generally from other cases which arose before 1985 and from all cases in which Sections 6702 penalties have been assessed in such cases since 1985. In 1985, an IRS policy took effect, apparently formalizing a previous practice by which a taxpayer who filed a return with the jurat stricken would be requested to file an amended return or an appropriate sworn statement and, if he complied fully, would avoid assessment of the penalty. Internal Revenue Service Manual, Part IV—Audit and Investigation Section 4293.7(5) (June 11, 1985). See *McNally v. United States*, 793 F.2d 1292 (6th Cir.1986). This Court concludes on the very peculiar facts of this case—where the IRS took steps by which it appears to have invoked the informal policy by requesting that Plaintiff refile, where Plaintiff complied fully with the request, where the case regarding Plaintiff's previous return was still pending, where all tax due and owing had been paid in full by the filing deadline, and where the IRS nonetheless assessed a frivolous tax return penalty—that because the IRS appeared to invoke the then-informal policy, since formally adopted, of affording a taxpayer the opportunity to refile and avoid a penalty, the IRS should now be estopped from arguing that it had no obligation to invoke that policy at the time. See *McNally v. United States*.

Thus, this Court would grant Plaintiff's summary judgment motion on his request for a refund, on the peculiar procedural grounds described herein, but for the failure of Plaintiff to certify the documents upon which his motion depends, as required under Fed.R.Civ.P. 56(e). In the same fashion as Plaintiff is required to certify the correctness of a tax return submitted to the Government and swear to or affirm the truth of testimony given in court, he must swear out an affidavit as to the facts which he alleges and the authenticity of the documents which he submits for consideration by the Court.

In accord with the conclusions set forth herein, Defendant's Motion to Dismiss or in the Alternative for Summary Judgment (Docs. # 3 and # 24) is granted in part and overruled in part, Plaintiff's Motion to Amend (Doc. # 29) is granted, Plaintiff's Motion to Transfer Tax Court Case (Doc. # 27) is overruled, Plaintiff's Motion for a Hearing (Doc. # 30) is overruled as mooted by this decision, Plaintiff's Motion to Strike Defendant's Motion to Dismiss (Doc. # 32) is overruled, Plaintiff's Motion to Strike the Fifth Circuit Court Opinion (Doc. # 33) is overruled, and Plaintiff's Motion for Summary Judgment is conditionally granted as to Plaintiff's request for a refund of $693.05 (provided that within 45 days of the filing of this entry Plaintiff provides the documentation required under Fed.R.Civ.P. 56(e)) and is overruled as to all other claims.