**Pitman A. BUCK, Jr. and Nellwyn A. Buck, Plaintiffs,**

v.

**The UNITED STATES of America, Defendant.**

**Civ. A. No. G–90–249.**

United States District Court, S.D. Texas, Galveston Division.

Feb. 28, 1991.

Pitman A. Buck, Jr. and Nellwyn A. Buck, Texas City, Tex., pro se.

Steven S. Morris and Mary C. Vance, Dept. of Justice, Dallas, Tex., for defendant.

FINAL SUMMARY JUDGMENT

KENT, District Judge.

Pending before the Court is the Defendant's Motion to Dismiss or for Summary

Judgment (Instrument # 5), filed December 4, 1990. The Court is of the opinion that this Motion should be and hereby is GRANTED for reasons set forth below.

*The Facts*

The Plaintiffs in this case are husband and wife and are United States citizens. On or about October 31, 1989, the Defendant United States sent the Plaintiffs a letter threatening them with criminal prosecution under 26 U.S.C. § 7203 for willful failure to file a return. For the tax year 1988, the Plaintiffs had not signed their tax return, instead, in the signature block they indicated "Fifth Amendment."

When the Plaintiffs failed to file a proper return within the specified time limit, the Defendant then assessed a penalty of $500 pursuant to 26 U.S.C. § 6702 against the Plaintiffs. The Plaintiffs paid 15% ($75) of the penalty assessed and then filed for a refund and abatement. After their claim had been denied, the Plaintiffs then filed suit in this Court as is their right.

The basis of this suit is that the Plaintiffs failed to sign their IRS 1040 return for the tax year 1988. They allegedly based that decision upon the receipt of legal opinions from several attorneys who informed them that they could not sign a 1040 return form without waiving their Fifth Amendment rights.

The Plaintiffs, classifying themselves as "nontaxpayers," claim the statute "... is unconstitutional, or that its use is improper and illegal as applied to them. They also claim that the use of these statutes violates their rights to due process of law, penalizes Plaintiffs' right under the First Amendment to maintain a free conscience as to their beliefs, violates their right to be secure in their persons, house, papers and effects as provided by the Fourth Amendment, and violates their Fifth Amendment right not to be compelled to condemn themselves or to incriminate themselves." (Instr. # 1).

*Summary Judgment*

Summary judgment is proper where no genuine issue as to any material fact exists. Fed.R.Civ.P. 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The Supreme Court has clearly stated that there is no genuine issue of fact where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). In *Leonard v. Dixie Well Service & Supply, Inc.*, 828 F.2d 291, 294 (5th Cir.1987), the court, quoting from *Matsushita*, supra, and *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986), declared:

"... once the movant has informed the district court of the basis of its motion and identified those portions of the record which it believes demonstrate the absence of a genuine issue of material fact, the burden shifts to the non-movant to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. A sufficient showing cannot rest on mere allegation or denials in the pleadings, but must set forth specific facts that establish an issue for trial."

Facts are material for summary judgment purposes where they constitute a legal defense, or their existence or nonexistence might affect the result of the action, or when resolution of issues they raise is so essential that the party against whom it is decided cannot prevail. *Odom v. Tripp*, 575 F.Supp. 1491 (D.C.Mo.1983).

The Supreme Court directs a judge when ruling on a summary judgment motion to believe the evidence of a non-moving party and to draw all justifiable inferences in his favor. Credibility determinations are to be left to the trier of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986). A judge may assess the persuasiveness of the evidence and may discount unpersuasive evi-

dence as unspecific or immaterial, but not unbelievable. *Leonard,* 828 F.2d at 294. "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson,* 477 U.S. at 249, 106 S.Ct. at 2511.

*Statutory Authority*

The Internal Revenue Service assessed a penalty against these Plaintiff-taxpayers in accordance with 26 U.S.C. § 6702 which governs the filing of frivolous tax returns. 26 U.S.C. § 6702(a) provides for "(a) a civil penalty if:

(1) any individual files what purports to be a return of the tax imposed by subtitle A but which—

(A) does not contain information on which the substantial correctness of the self-assessment may be judged, or

(B) contains information that on its face indicates that the self-assessment is substantially incorrect; and

(2) the conduct referred to in paragraph (1) is due to—

(A) a position which is frivolous, or

(B) a desire (which appears on the purported return) to delay or impede the administration of Federal income tax laws,

then such individual shall pay a penalty of $500."

While this Court genuinely sympathizes with the predicament the Plaintiffs find themselves in given their stated personal philosophy, nevertheless, it believes this case is clearly governed by the Fifth Circuit's ruling in *Mosher v. Internal Revenue Service,* 775 F.2d 1292 (5th Cir.1985) *cert. denied* 475 U.S. 1123, 106 S.Ct. 1645, 90 L.Ed.2d 189 (1986), and that summary judgment for the Defendant is consequently proper.

Mosher did not dispute that he was required to file an income tax return or that he was a taxpayer. In the instant case, the Plaintiffs dispute that they are even tax-

payers. The Court will address the issue of whether the Plaintiffs are taxpayers first.

*Taxpayer Status*

█ The Plaintiffs have taken a clearly untenable position as to their taxpayer status in light of the Internal Revenue Code provisions stating otherwise. 26 U.S.C. § 1 imposes an tax on the income of married individuals, unmarried individuals, surviving spouses, heads of households, estates and trusts.

26 U.S.C. § 61 defines gross income to include:

"... **all income from whatever source derived,** including (but not limited to) the following items: (1) **Compensation for services,** including fees, commissions, fringe benefits, and similar items; (2) Gross income derived from business; (3) Gains derived from dealings in property; (4) Interest; (5) Rents; (6) Royalties; (7) Dividends; (8) Alimony and separate maintenance payments; (9) Annuities; (10) Income from life insurance and endowment contracts; (11) Pensions; (12) Income from discharge from indebtedness; (13) Distributive share of partnership gross income; (14) Income in respect of a decedent; (15) Income from and interest in an estate or trust [emphasis added]."

The Plaintiffs, married individuals with gross income, are clearly included within the scope of the statutes. While noting that Plaintiffs sincerely disagree as a matter of philosophy, this Court finds that they are taxpayers as a matter of both fact and law, and as such they must file tax returns. Because the Plaintiffs failed to file a proper return, the IRS was warranted in assessing a penalty in accordance with 26 U.S.C. § 6702.

*Good Faith*

█ In attempting to demonstrate their good faith belief that they may claim a Fifth Amendment privilege allowing them to refuse to sign their tax return, these Plaintiff-taxpayers have presented evidence that they relied on legal advice in adopting that position. Unfortunately for these tax-

payers, the law is very clear that a taxpayer's assertion of good faith is irrelevant under 26 U.S.C. § 6702. *Hudson v. United States,* 766 F.2d 1288 (9th Cir.1985). In *Knottnerus v. United States,* 582 F.Supp. 1572 (D.C.Ill.1984), the court held that a taxpayer's state of mind when filing a tax return is not part of the test as to whether the return is frivolous so as to warrant an assessment of a $500 civil penalty and thus, the taxpayer's good faith in filing a return does not preclude the penalty.

## Mosher v. I.R.S. is Controlling

In *Mosher,* the taxpayer crossed out the jurat at the end of the IRS 1040 form which declared that the taxpayer had examined the form and that under penalties of perjury, the taxpayer declared that the form was "true, correct, and complete" to the best of the taxpayer's knowledge and belief. Underneath the stricken words the taxpayer typed, "Violates Amendment V, U.S. Constitution." The taxpayer was assessed a frivolous return penalty pursuant to 26 U.S.C. § 6702 after being informed by the IRS of their inability to process such a return. As in the instant case, Mosher paid $75.00 (15% of the assessed penalty) and filed a claim for a refund. In response to the government's motion for summary judgment, Mosher argued that the jurat violated the Fifth Amendment's prohibition against self-incrimination. The district court in granting summary judgment found otherwise, and concluded that the specialty provisions of section 6702 were applicable. The Fifth Circuit affirmed.

Citing *Anderson v. United States,* 754 F.2d 1270, 1271 (5th Cir.1985), the *Mosher* court stated, "Under 26 U.S.C. § 6702, the IRS may impose a $500 penalty on any individual who files 'what purports to be' a tax return when such return (1) does not contain information on which the substantial correctness of the self-assessment may be judged, and (2) is based on a frivolous position." 775 F.2d 1292, 1294. The court found that by crossing out the jurat, Mosher refused to certify that the form was correct, thereby preventing the IRS for being able to properly process his return. They found that when faced with a similar situation, the Tenth Circuit in *Borgeson v. United States,* 757 F.2d 1071, 1073 (10th Cir.1985), concluded that the frivolous return penalty was properly imposed, and held that an income tax return which is not signed under penalties of perjury is invalid and cannot be processed by the IRS. The Fifth Circuit also quoted *Knighten v. Commissioner,* 702 F.2d 59, 61 (5th Cir.), *cert. denied* 464 U.S. 897, 104 S.Ct. 249, 78 L.Ed.2d 237 (1983) for the proposition, "It is well established in this Circuit, however, that the submission of a 'return' from which tax liability cannot be computed does not satisfy the statutory obligation to file." 775 F.2d 1292, 1294.

As regarding the "frivolous' nature of the return, the *Mosher* court stated, "there can be no doubt regarding the status of a tax form that is not verified under penalties of perjury as the Supreme Court held over fifty years ago that an unsworn tax return failed to satisfy the requirements of law. *Lucas v. Pilliod Lumber Co.,* 281 U.S. 245, 50 S.Ct. 297, 74 L.Ed. 829 (1930). Moreover, the Internal Revenue Code requires that returns be verified under penalties of perjury and provides no exception to that rule. Code Sec. 6065 ... Since Mosher's return did not contain information on which the substantial correctness of the self-assessment could be judged, and Mosher's position was indeed frivolous, we conclude the civil penalty was properly imposed." Id., p. 1295.

The *Mosher* court concluded by addressing Mosher's Constitutional arguments: "Mosher was not denied a right to a jury trial since no genuine issue of fact remained that required a trial. *Davis v. United States,* 742 F.2d 171, 173 (5th Cir. 1984). Mosher has not shown that the Fourth Amendment has an relevance whatsoever to these facts. Nor is noncompliance with the tax law protected by the First Amendment. *Borgeson,* 757 F.2d at 1073; *Franklet v. United States,* 578 F.Supp. 1552, 1556 (N.D.Cal.1984), *aff'd* 761 F.2d 529 (9th Cir.1985); *United States v. Malinowski,* 472 F.2d 850, 857 (3rd Cir.), *cert. denied,* 411 U.S. 970, 93 S.Ct. 2164, 36 L.Ed.2d 693 (1973). The statute is not un-

constitutionally vague as a person of ordinary common sense could understand the conduct that is prohibited or subject to penalty. See *Arnett v. Kennedy*, 416 U.S. 134, 159–163, 94 S.Ct. 1633, 1646–49, 40 L.Ed.2d. 15 (1974)." 775 F.2d at 1295.

After considering Defendant's Motion to Dismiss or for Summary Judgment in the light most favorable to the non-moving party, the Plaintiffs, this Court has determined that no genuine issues of fact exist. The Fifth Circuit's holding in *Mosher v. Internal Revenue Service* controls, and therefore, this Court must GRANT summary judgment for the Defendant, the United States of America.

It is therefore ORDERED that the Defendant's Motion to Dismiss or for Summary Judgment be GRANTED. Summary Judgment is so ORDERED. THIS IS A FINAL JUDGMENT. Costs herein to date are assessed against Plaintiffs, for which let execution issue.