United States Court of Appeals,

Fifth Circuit.

No. 91–2973

Summary Calendar.

Pitman A. BUCK, Jr. and Nellwyn A. Buck, Plaintiffs–Appellants,

v.

UNITED STATES of America, Defendant–Appellee.

Aug. 10, 1992.

Appeal from the United States District Court for the Southern District of Texas.

Before JOLLY, DAVIS, and SMITH, Circuit Judges.

PER CURIAM:

Pitman and Nellwyn Buck appeal from the district court's entry of summary judgment in favor of the United States in their civil suit to recover a penalty assessed against them for filing a frivolous tax return. 756 F.Supp. 1014. We DISMISS the appeal as frivolous, and assess sanctions against the Bucks.

I

The Bucks filed a Form 1040 purporting to be their 1988 federal income tax return. The following statement is printed on the Form 1040 above the space provided for the signatures of the taxpayers:

> Under penalties of perjury, I declare that I have examined this return, and accompanying schedules and statements, and to the best of my knowledge and belief, they are true, correct, and complete.

The Bucks did not sign the Form 1040 in the space provided, but instead wrote "Fifth Amendment," and referred to a cover letter and three "legal opinion letters" indicating that the filing of a return is voluntary. In their cover letter, the Bucks explained that they intended to exercise their rights under the First, Fourth, and Fifth Amendments.

Pursuant to 26 U.S.C. § 6702, the Internal Revenue Service (IRS) assessed a $500 penalty against the Bucks for filing a frivolous return. Following the procedures set forth in 26 U.S.C. § 6703, the Bucks paid 15% of the penalty ($75), and filed an administrative claim for a refund, which the IRS denied.

## II

The Bucks, proceeding *pro se,* filed suit for refund of the partial payment of the penalty and for abatement of the remainder of the penalty. The district court granted the government's motion for summary judgment and dismissed their claim. The Bucks timely appealed.

## III

### A

The Bucks primarily contend that requiring them to sign the Form 1040 would violate their Fifth Amendment right against self-incrimination and their First Amendment belief that wages are not income. They maintain that there are exceptions to the requirement that a taxpayer sign under penalty of perjury and that the district court placed improper reliance on *Mosher v. I.R.S.,* 775 F.2d 1292 (5th Cir.1985), *cert. denied,* 475 U.S. 1123, 106 S.Ct. 1645, 90 L.Ed.2d 189 (1986), in granting summary judgment in favor of the United States.

Pursuant to 26 U.S.C. § 6702,[1] the IRS may assess a $500 civil penalty against an individual

---

[1]26 U.S.C. § 6702 provides:

> (a) Civil penalty.—If—
>
> > (1) any individual files what purports to be a return of the tax imposed by subtitle A but which—
> >
> > > (A) does not contain information on which the substantial correctness of the self-assessment may be judged, or
> > >
> > > (B) contains information that on its face indicates that the self-assessment is substantially incorrect;  and

who files "what purports to be" a tax return when the return "does not contain information on which the substantial correctness of the self-assessment may be judged" and the filing of such a return is based on a frivolous position. 26 U.S.C. § 6702; *see Anderson v. United States,* 754 F.2d 1270, 1271 (5th Cir.1985). The absence of the Bucks' signatures on the return "precludes the IRS from judging the "substantial correctness' of the return because the required "information' that the return has been verified under "penalty of perjury' is absent." *Mosher,* 775 F.2d at 1295 (quoting *Borgeson v. United States,* 757 F.2d 1071, 1073 (10th Cir.1985)). *Mosher* also establishes that the Bucks' failure to sign the Form 1040 is based on a frivolous position. In *Mosher,* the taxpayer crossed out the jurat and typed the words "Violates Amend. V, U.S. Constitution" underneath the stricken jurat. *Id.* at 1293. We held that Mosher's conduct was based on a frivolous position, because "there is no conceivable legal foundation for striking the jurat." *Id.* at 1295. As in *Mosher,* the Bucks' failure to sign the Form 1040 is a sufficient basis for the assessment of the § 6702 penalty.

The Bucks challenge *Mosher*'s reliance on *Lucas v. Pilliod Lumber Co.,* 281 U.S. 245, 50 S.Ct. 297, 74 L.Ed. 829 (1930), for the proposition that an unsworn tax return fails to satisfy the requirements of law. The Bucks contend that *Pilliod* applied to requirements for a corporate entity and not for an individual. Their argument is frivolous. Even assuming *Pilliod* may be distinguishable, a cursory reading of the *Mosher* opinion reveals that the court relied on the Internal Revenue Code and other court decisions; it is clear that *Pilliod* was not the sole basis for the decision in *Mosher.*

The Bucks further contend that § 6702 is a penal statute, and argue that the district court failed to construe the provision narrowly. They also maintain that they were not informed of the

---

(2) the conduct referred to in paragraph (1) is due to—

(A) a position which is frivolous, or

(B) a desire (which appears on the purported return) to delay or impede the administration of Federal income tax laws,

then such individual shall pay a penalty of $500.

specific "charge" against them before they were required to file an action under § 6703 to challenge the assessment of the penalty. The penalty is clearly denoted as a civil penalty in the statutory caption. Moreover, this court upheld § 6702 against a challenge for vagueness, concluding that "a person of ordinary common sense could understand the conduct that is prohibited or subject to penalty." *Mosher,* 775 F.2d at 1295.

The Bucks assert that they were unaware of the basis for the denial of their administrative claim for a refund of the penalty, contending that the first and only time that they were notified of the reason for assessment of the penalty was in the government's motion for summary judgment. However, the Bucks solicited three opinion letters in connection with their decision not to sign the jurat and attached those letters to their complaint. The challenged 1040 form was complete in all respects other than their failure to sign the jurat. The Bucks cannot complain that they were unaware of the reason for the assessment of the penalty.

The Bucks argue that an unsigned return is not a "return" and, therefore, they cannot be assessed a penalty for filing a frivolous return. In addition to being raised for the first time on appeal, their argument is patently frivolous. Section 6702 provides for the assessment of a penalty against an individual who files "what purports to be" a tax return.

The Bucks contend that requiring them to sign the jurat or be subjected to a penalty for the failure to do so infringes on their First Amendment right to believe that wages are not income, as their signatures on the Form 1040 would indicate otherwise. This argument is specious. Noncompliance with the tax laws is not protected by the First Amendment. *Mosher,* 775 F.2d at 1295; *see also United States v. Lee,* 455 U.S. 252, 260, 102 S.Ct. 1051, 1056, 71 L.Ed.2d 127 (1982) (the maintenance of a functional federal tax system is a sufficiently important governmental interest to justify incidental regulation of First Amendment rights).

The undisputed facts show that the Bucks prevented the Commissioner of Internal Revenue from judging the substantial correctness of their Form 1040, and that the Bucks' filing of the unsigned return is based on a frivolous position. Accordingly, the district court correctly granted summary judgment in favor of the United States.

## B

The United States requests an award of $1,500 in lieu of costs and attorney's fees as sanctions against the Bucks for filing a frivolous appeal. Rule 38 of the Federal Rules of Appellate Procedure authorizes us to "award just damages and single or double costs to the appellee" if we determine that an appeal is frivolous. "[A] frivolous appeal is an appeal in which "the result is obvious or the arguments of error are wholly without merit.' " *Montgomery v. United States,* 933 F.2d 348, 350 (5th Cir.1991) (quoting *Coghlan v. Starkey,* 852 F.2d 806, 811 (5th Cir.1988)). Claims such as those presented by the Bucks have been authoritatively rejected by this court, and are wholly without merit. We therefore conclude that the appeal is frivolous. We further find that an award of $1,500 in lieu of costs and attorney's fees is reasonable, and we award damages in that amount in favor of the United States and against the Bucks. Although that amount will not cover all of the costs of this appeal, the award is intended to deter the Bucks and other tax protesters from prosecuting future frivolous appeals.[2]

## IV

Because this appeal is frivolous, it is

DISMISSED. See Local Rule 42.2.

---

[2]Although only the 1988 return is at issue in this appeal, we take note of the Bucks' statement in their brief that they have "been penalized $500.00 for two consecutive years now (perhaps soon to be three)."