T.C. Memo. 1999-263


UNITED STATES TAX COURT


KENNETH O. AND APRIL C. BUTLER, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 14118-97.              Filed August 5, 1999.


Kenneth O. Butler, pro se.

James R. Robb and Joan S. Dennett, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

PARR, Judge:  By separate notices of deficiency, respondent determined deficiencies in, and additions to, petitioners' Federal income taxes as follows:

### Kenneth O. Butler

| Year | Deficiency | Addition to tax Sec. 6651(a) |
|------|-----------|------------------------------|
| 1988 | $272 | $100 |
| 1989 | 469 | 113 |
| 1990 | 1,099 | 186 |
| 1991 | 1,219 | 250 |
| 1992 | 461 | 100 |
| 1993 | 1,635 | 280 |
| 1994 | 941 | 115 |
| 1995 | 656 | 115 |

### April C. Butler

| Year | Deficiency | Addition to tax Sec. 6651(a) |
|------|-----------|------------------------------|
| 1988 | $272 | $100 |
| 1989 | 469 | 113 |
| 1990 | 1,099 | 186 |
| 1991 | 1,539 | 330 |
| 1992 | 461 | 100 |
| 1993 | 1,196 | 171 |
| 1994 | 941 | 115 |
| 1995 | 656 | 115 |

All section references are to the Internal Revenue Code in effect for the taxable years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated. References to petitioner are to Kenneth O. Butler.

The issues for decision are: (1) Whether for the years in issue petitioners had unreported income. We hold they did. (2) Whether for the years in issue petitioners are liable for an addition to tax pursuant to section 6651(a). We hold they are.

Some of the facts have been stipulated and are so found. The stipulated facts and the accompanying exhibits are incorporated herein by this reference. At the time the petition in this case was filed, petitioners resided in Lubbock, Texas.

## FINDINGS OF FACT

Petitioners did not file Federal income tax returns for the years in issue.

Petitioner is retired from the U.S. Navy, and currently works as a Federal protection officer at the Federal Building in Lubbock, Texas.

Respondent based the determinations in this case on information received from third-party payors. In addition, petitioners have stipulated amounts of income that they received for the years in issue in the form of wages, pension income, nonemployee compensation, and interest.

## OPINION

The Commissioner's determinations are presumptively correct, and the taxpayer bears the burden of proving otherwise. See Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933).

Petitioners do not challenge the facts on which respondent's determinations are based, nor the calculation of tax. Instead, petitioners argue that filing Federal income tax returns violates their rights under the First, Fourth, and Fifth Amendments to the U.S. Constitution. We now address their contentions in turn.

Petitioners argue that filing Federal income tax returns violates their right to free speech under the First Amendment to the U.S. Constitution.  Noncompliance with the tax law is not protected by the First Amendment.  See Mosher v. IRS, 775 F.2d 1292, 1295 (5th Cir. 1985); see also Sloan v. Commissioner, 53 F.3d 799, 800 (7th Cir. 1995), affg. 102 T.C. 137 (1994); Hettig v. United States, 845 F.2d 794, 795-796 (8th Cir. 1988); Bradley v. United States, 817 F.2d 1400, 1404-1405 (9th Cir. 1987); McKee v. United States, 781 F.2d 1043, 1047 (4th Cir. 1986); Collett v. United States, 781 F.2d 53, 55 (6th Cir. 1985); Eicher v. United States, 774 F.2d 27, 29-30 (1st Cir. 1985); Hudson v. United States, 766 F.2d 1288, 1291-1292 (9th Cir. 1985); Kahn v. United States, 753 F.2d 1208, 1214-1217, 1222-1223 n.8 (3d Cir. 1985); Welch v. United States, 750 F.2d 1101, 1108-1110 (1st Cir. 1985); United States v. Malinowski, 472 F.2d 850, 857-858 (3d Cir. 1973).

Petitioner also testified that he is a born again Christian. While we accept that petitioner is sincere and dedicated to his religious beliefs, it is well established that religious or moral objections grounded on the First Amendment do not relieve petitioners from payment of any portion of their Federal income tax.  The Supreme Court has held:

> Because the broad public interest in maintaining a
> sound tax system is of such a high order, religious
> belief in conflict with the payment of taxes affords no

>basis for resisting the tax.  [United States v. Lee,
>455 U.S. 252, 260 (1982).]

See also Anthony v. Commissioner, 66 T.C. 367, 373 (1976), affd. without published opinion 566 F.2d 1168 (3d Cir. 1977); Egnal v. Commissioner, 65 T.C. 255, 262 (1975); Russell v. Commissioner, 60 T.C. 942, 945 (1973); Muste v. Commissioner, 35 T.C. 913, 918-919 (1961).

Petitioners next mention that their Fourth Amendment rights would be violated by filing Federal income tax returns. Petitioners have not shown that the Fourth Amendment has any relevance to these facts, and we perceive no basis upon which it could.

Finally, petitioners argue that their Fifth Amendment rights would be violated by filing Federal income tax returns.  The Fifth Amendment privilege against self-incrimination protects an individual from being compelled to disclose information that could reasonably be expected to furnish evidence needed to prosecute the claimant for a crime.  See Kastigar v. United States, 406 U.S. 441, 445 (1972); Hoffman v. United States, 341 U.S. 479, 486 (1951).  The requirements that petitioners shall prepare and file their tax returns do not violate the Fifth Amendment privilege against self-incrimination.  See United States v. Sullivan, 274 U.S. 259 (1927); Kasey v. Commissioner, 457 F.2d 369, 370 (9th Cir. 1972), affg. per curiam 54 T.C. 1642

(1970).  The Fifth Amendment privilege applies when the possibility of self-incrimination is a real danger, not a remote and speculative possibility.  See Zicarelli v. New Jersey State Commn. of Investigation, 406 U.S. 472, 478 (1972); Stubbs v. Commissioner, 797 F.2d 936, 938 (11th Cir. 1986); Heitman v. United States, 753 F.2d 33, 34-35 (6th Cir. 1984); Davis v. United States, 742 F.2d 171, 172 (5th Cir. 1984); Moore v. Commissioner, 722 F.2d 193, 195 (5th Cir. 1984), affg. T.C. Memo. 1983-20; Steinbrecher v. Commissioner, 712 F.2d 195, 197 (5th Cir. 1983), affg. per curiam T.C. Memo. 1983-12; McCoy v. Commissioner, 696 F.2d 1234, 1236 (9th Cir. 1983), affg. 76 T.C. 1027 (1981); Edwards v. Commissioner, 680 F.2d 1268, 1270 (9th Cir. 1982).  At trial, respondent stated that petitioner was not under criminal tax investigation.  Accordingly, petitioners' claim of Fifth Amendment protection is misplaced because they merely claimed the privilege without showing a danger of self-incrimination.

Petitioners admit that for taxable years 1990, 1991, 1992, 1993, 1994, and 1995 they resided in Texas, a community property State.  For taxable years 1988 and 1989, petitioner testified that he and his wife lived and worked in Washington State and Oregon.  Petitioners' time living in Washington State is irrelevant to respondent's determinations, as it is also a community property State.  In any event, petitioners have not

provided any evidence as to where and when they lived in Oregon, nor how that would affect their income tax liability for the years in issue. Accordingly, respondent's deficiency determinations are sustained.

In addition, respondent determined additions to tax under section 6651(a) for failure to file timely returns for the years at issue.

Section 6651(a) provides for an addition to tax for failure to file a timely return. The addition to tax is equal to 5 percent of the amount required to be shown as tax on the return, with an additional 5 percent for each additional month or fraction thereof during which the failure to file continues, not exceeding 25 percent in the aggregate.

A taxpayer may avoid the addition to tax by establishing that the failure to file a timely return was due to reasonable cause and not willful neglect. See Rule 142(a); United States v. Boyle, 469 U.S. 241, 245-246 (1985). Petitioners have not established that their failure to file timely returns was due to a reasonable cause. Accordingly, we sustain respondent's determinations on this issue.

For the foregoing reasons,

Decision will be entered under Rule 155.