Wallace T. COLLETT and Carrie H.
Collett, Plaintiffs-Appellants,

v.

UNITED STATES of America,
Defendant-Appellee.

No. 84–3933.

United States Court of Appeals,
Sixth Circuit.

Aug. 30, 1985.

Robert B. Newman, Kircher and Phalen,
Cincinnati, Ohio, for plaintiffs-appellants.

Christopher Barnes, U.S. Atty., Sally Whitaker, Cincinnati, Ohio, Glenn L. Archer, Jr., Lead Counsel, Michael L. Paup, Tax Div., Dept. of Justice, Washington, D.C., for defendant-appellee.

Before MARTIN and CONTIE, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.

ORDER

PER CURIAM.

This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the record and the briefs filed by the respective parties, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.

The appellants are appealing the summary judgment which sustained the imposition of a $500.00 penalty levied pursuant to 26 U.S.C. § 6702. For the tax year 1982, the appellants submitted a 1040 form prepared by Price Waterhouse. The typed figures on the form indicated the Colletts owed $5,684.00 in taxes. That figure, however, was marked out and $1,697.00 was penciled in as the amount owed the Colletts as a refund. A letter attached to the return explained that they reduced their tax liability by the percentage of the federal budget dedicated to military use. The Internal Revenue Service imposed the aforementioned fine, and this action was filed in district court to challenge that fine. The issues on appeal are whether the return is within the purview of § 6702 and whether the act impermissibly restricts the appellants' first amendment right to free expression.

26 U.S.C. § 6702 states:

§ 6702. Frivolous income tax return

(a) Civil penalty. —If—

(1) any individual files what purports to be a return of the tax imposed by subtitle A but which—

(A) does not contain information on which the substantial correctness of the self-assessment may be judged, or

(B) contains information that on its face indicates that the self-assessment is substantially incorrect; and

(2) the conduct referred to in paragraph (1) is due to—

(A) a position which is frivolous, or

(B) a desire (which appears on the purported return) to delay or impede the administration of Federal income tax laws,

then such individual shall pay a penalty of $500.

(b) Penalty in addition to other penalties. —The penalty imposed by subsection (a) shall be in addition to any other penalty provided by law.

The appellants' return contained information on its face which indicated the self-assessment is substantially incorrect. In the return, the correct tax figure of $5,684.00 was marked out and a refund of $1,697.00 was penciled in at the appropriate space. As the $1,697.00 was based on an unallowable deduction, § 6702(a)(1)(B) applies. *Kahn v. United States*, 753 F.2d 1208 (3rd Cir.1985); *Jenney v. United States*, 755 F.2d 1384 (9th Cir.1985).

In addition, the deduction is due to a position that is frivolous. The war tax deduction was specifically mentioned in the legislative history of the act as a frivolous position. 1982 U.S.Code Cong. and Ad. News 1023, 1024. It is well documented that such a deduction is not permitted. *Graves v. Commissioner*, 579 F.2d 392 (6th Cir.1978), *cert. denied*, 440 U.S. 946, 99 S.Ct. 1423, 59 L.Ed.2d 634 (1979); *Lull v. Commissioner*, 602 F.2d 1166 (4th Cir. 1979), *cert. denied*, 444 U.S. 1014, 100 S.Ct. 664, 62 L.Ed.2d 643 (1980); *First v. Commissioner*, 547 F.2d 45 (7th Cir.1976). A religious belief or moral belief in conflict with the payment of taxes affords no basis for resisting the tax. *United States v. Lee*, 455 U.S. 252, 260, 102 S.Ct. 1051, 1056, 71 L.Ed.2d 127 (1982). § 6702(a)(2)(A) is applicable, and the penalty was properly assessed.

Finally, the appellants' contention that § 6702 runs afoul of the first amendment is unconvincing. The act does not penalize protest communication as there are many other ways one may express the protest. *Scull v. United States*, 585 F.Supp. 956 (E.D.Va.1984). "The penalty will not apply if the tax payer shows the correct tax but refuses to pay the tax." 1982 U.S.Code Cong. and Ad.News at 1024. Finally, the maintenance and viability of the tax system is a sufficiently important governmental interest to justify incidental regulation upon speech and non-speech communication. *United States v. Lee, supra; Franklet v. United States*, 578 F.Supp. 1552 (N.D.Cal.1984), *aff'd*, 761 F.2d 529 (9th Cir.1985); *Welch v. United States*, 750 F.2d 1101 (1st Cir.1985); *Kahn v. United States, supra.*

Accordingly, the judgment of the district court is affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.