Dr. Marjorie E. NELSON, Plaintiff-Appellant,

v.

UNITED STATES of America, Internal Revenue Service, Defendant-Appellee.

No. 85-3724.

United States Court of Appeals, Sixth Circuit.

Argued June 5, 1986.

Decided July 15, 1986.

Bruce A. Campbell, American Civil Liberties Union of Ohio Foundation, Inc., Columbus, Ohio, Howard B. Tolley, Jr. argued, Cincinnati, Ohio, for plaintiff-appellant.

Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Lead Counsel Chief, Appellate Section Tax Div., Dept. of Justice, Washington, D.C., Gary R. Allen, Raymond W. Hepper argued, for defendant-appellee.

Before: MARTIN, KRUPANSKY and GUY, Circuit Judges.

BOYCE F. MARTIN, Jr., Circuit Judge.

Dr. Marjorie Nelson appeals the district court's dismissal of her challenge to the applicability and constitutionality of 26 U.S.C. § 6702, an Internal Revenue Code penalty provision. Dr. Nelson claims that section 6702 violates the first amendment by unconstitutionally infringing upon the free exercise of her religion. Dr. Nelson also claims that section 6702 violates her fifth amendment right to due process by being unconstitutionally vague. We find these claims to be meritless and affirm.

Dr. Nelson is and has been a Quaker all of her life. As a Quaker, Dr. Nelson sincerely believes that direct or indirect participation in violence or war is contrary to God's will. Therefore, she believes that any payment of money in support of war is sinful. On her 1982 Federal Individual Tax Return, Form 1040, Dr. Nelson listed her income, exemptions, deductions and total tax liability. Believing that 36.1% of the federal budget was directed to military spending, Dr. Nelson reduced her tax obligation by 36.1% by claiming a war tax deduction. By reducing her tax liability in this manner, Dr. Nelson believed that she was preventing the government from using her tax payments for military spending.

For 1982 Dr. Nelson had made advance tax payments of $4,702 to the Internal Revenue Service. As filed, Dr. Nelson, on her tax return, claimed a war tax deduction of $4,628.50. This deduction caused the return to reflect an overpayment of $2,210.44. Dr. Nelson attached a letter to her return which explained her actions.

The Internal Revenue Service assessed a $500 penalty against Dr. Nelson pursuant to 26 U.S.C. § 6702, a penalty provision for filing a frivolous return. The Service recalculated Dr. Nelson's tax liability and refunded $849.23 as an overpayment.

Section 6702 has been extensively and exhaustively litigated in other circuits as well as in this Court. However, because the stance of this Court may be unclear on several of the issues raised in challenges to section 6702, we write here to clarify the law of this Circuit. In doing so, we hope to eliminate further section 6702 suits which raise these or similar arguments.

Without a doubt, section 6702 applies to Dr. Nelson's tax return. 26 U.S.C. § 6702 states:

(a) **Civil penalty.—If—**

(1) any individual files what purports to be a return of the tax imposed by subtitle A but which—

(A) does not contain information on which the substantial correctness of the self-assessment may be judged, or

(B) contains information that on its face indicates that the self-assessment is substantially incorrect; and

(2) the conduct referred to in paragraph (1) is due to—

(A) a position which is frivolous, or

(B) a desire (which appears on the purported return) to delay or impede the administration of Federal income tax laws,

then such individual shall pay a penalty of $500.

(b) **Penalty in addition to other penalties.**—The penalty imposed by subsection (a) shall be in addition to any other penalty provided by law.

Section 6702 was enacted in 1982 in an attempt by Congress to halt the "rapid growth in deliberate defiance of the tax laws by tax protestors." S.Rep.No. 494, 97th Cong., 2d Sess. 74, 277, *reprinted in* 1982 U.S. Code Cong. & Ad. News 781, 1023. The Senate Committee stated that the penalty could be imposed against any individual filing a "return" showing an incorrect tax due, or a reduced tax due, because of the individual's claim of a clearly unallowable deduction, such as ... a war tax deduction under which the taxpayer reduces his taxable income or shows a reduced tax due by that individual's estimate of the amount of his taxes going to the Defense Department budget, etc.

S.Rep.No. 494, at 278, *reprinted in* 1982 U.S. Code Cong. & Ad. News at 1024. Dr. Nelson's claim of a war tax deduction was therefore explicitly discussed in the legislative history as "clearly unallowable" and an intended target of section 6702. Following the legislature's intent, courts have determined that the war tax deduction is a "frivolous" position for purposes of section 6702(a)(2)(A). *Collett v. United States*, 781 F.2d 53, 54 (6th Cir.1985); *Graves v. Commissioner*, 579 F.2d 392 (6th Cir.1978), *cert. denied*, 440 U.S. 946, 99 S.Ct. 1423, 59 L.Ed.2d 634 (1979). *See also Lull v. Commissioner*, 602 F.2d 1166 (4th Cir.1979), *cert. denied*, 444 U.S. 1014, 100 S.Ct. 664, 62 L.Ed.2d 643 (1980); *First v. Commissioner*, 547 F.2d 45, 46 (7th Cir.1976).

■ For section 6702 to apply to Dr. Nelson, not only must her position be found frivolous for purposes of her tax return, but also Dr. Nelson's return must be "substantially incorrect" or contain insufficient information for its correctness to be determined. 26 U.S.C. § 6702(a)(1)(A) & (B). Dr. Nelson's return was "substantially incorrect" because she reduced her tax liability by claiming a "clearly unallowable" deduction. As a result, she claimed an overpayment of $2,210.44 rather than the true overpayment of $849.23. Courts have clearly, repeatedly and consistently stated that the section 6702 penalty is applicable to plaintiffs such as Dr. Nelson, who claim a war tax deduction for religious or political reasons, regardless of the good faith of the plaintiff. We do not doubt the sincerity of Dr. Nelson's beliefs. *See Collett v. United States*, 781 F.2d 53, 54 (6th Cir. 1985); *McKee v. United States*, 781 F.2d 1043 (4th Cir.1985); *Eicher v. United States*, 774 F.2d 27 (1st Cir.1985); *Wall v. United States*, 756 F.2d 52 (8th Cir.1985);

*Jenney v. United States,* 755 F.2d 1384 (9th Cir.1985); *Kahn v. United States,* 753 F.2d 1208 (3d Cir.1985); *Welch v. United States,* 750 F.2d 1101, 1105–08 (1st Cir. 1985). We agree with this stance and hold that the section 6702 penalty was applicable to Dr. Nelson.

Having concluded that section 6702 applies to Dr. Nelson, we turn to an analysis of the constitutionality of the section and its application to Dr. Nelson. The law is well settled that section 6702 in no way violates the fifth amendment requirement of due process by not providing a prepenalty hearing. The procedure provided by 26 U.S.C. § 6703, which applies to penalties levied under section 6702, is adequate and does not violate Dr. Nelson's right to due process. *Heitman v. United States,* 753 F.2d 33, 35 (6th Cir.1985); *Brennan v. Commissioner,* 752 F.2d 187, 189 (6th Cir. 1984).

Nor is section 6702 so vague as to violate the due process requirement of the fifth amendment. To challenge section 6702 for vagueness, Dr. Nelson must demonstrate that the statute, as applied to her actions, is unconstitutionally vague. *See Hoffman Estates v. Flipside, Hoffman Estates, Inc.,* 455 U.S. 489, 495, 102 S.Ct. 1186, 1191, 71 L.Ed.2d 362 (1982). Dr. Nelson cannot complain of vagueness if her conduct was clearly prohibited by section 6702. *Id.* Because Dr. Nelson's subtraction of a war tax deduction was a frivolous position which caused her return to be substantially incorrect, section 6702 clearly forbade Dr. Nelson's conduct. Therefore, she has no standing to challenge this section. *Accord Eicher,* 774 F.2d at 29; *Welch,* 750 F.2d at 1112.

Even if we assume for the purposes of the present debate that Dr. Nelson has standing to raise the issue of vagueness, we believe section 6702 is not so vague as to violate due process. Due process requires that the statutory prohibition be " 'set out in terms that the ordinary person exercising ordinary common sense can sufficiently understand and comply with, without sacrifice to the public interest.' " *Arnett v. Kennedy,* 416 U.S. 134, 159, 94 S.Ct. 1633, 1646, 40 L.Ed.2d 15 (1974) (quoting *United States Civil Serv. Comm'n v. National Ass'n of Letter Carriers,* 413 U.S. 548, 579, 93 S.Ct. 2880, 2897, 37 L.Ed.2d 796 (1973)). Dr. Nelson argues that she, as an ordinary person, could not have understood that her actions would be penalized by section 6702. Courts have repeatedly held that section 6702 withstands challenge on vagueness grounds. *See Brennan,* 752 F.2d at 189 (analyzing "frivolous"); *Eicher,* 774 F.2d at 29 (analyzing section 6702 generally and term "frivolous" specifically); *Welch,* 750 F.2d at 1112 (analyzing "frivolous," "self-assessment," and "substantially incorrect"); *Drefchinski v. Regan,* 589 F.Supp. 1516, 1527 (W.D.La.1985) (analyzing "frivolous" and "self-assessment"); *Franklet v. United States,* 578 F.Supp. 1552, 1557–58 (N.D.Cal.1984), *aff'd,* 761 F.2d 529 (9th Cir. 1985) (analyzing "frivolous" and "self-assessment"). Dr. Nelson does not attack a specific word in section 6702. However, her claims, though general, appear to be aimed at the term "frivolous." In *Brennan v. Commissioner,* 752 F.2d 187, 189 (6th Cir.1985), this Court stated that "frivolous" as found in section 6702 "is sufficiently clear to apprise one of the prohibited behavior." We see no reason to change *Brennan* and agree with the decisions of other courts in their conclusion that section 6702 is not vague. We believe that a person of ordinary common sense can understand what is prohibited by section 6702.

Finally, section 6702 does not unconstitutionally infringe upon Dr. Nelson's first amendment right to the free exercise of religion. For the purposes of this debate, we will assume that section 6702 conflicts with the free exercise of religion rights of Dr. Nelson. However, it seems that Dr. Nelson had several alternatives to the action she took which would have been consistent with her religious convictions. Rather than claiming a war tax deduction, for example, Dr. Nelson could have simply assumed that her tax dollars were made a part of the federal budget unrelated to the

military. For example, she could have assumed that her tax payment was used only for the judiciary.

Yet, even if we assume a conflict between section 6702 and Dr. Nelson's free exercise of religion, the Supreme Court has stated that the government's interest in revenue-raising statutes is sufficiently compelling to outweigh the free exercise rights of those who find the statute offensive to their religion. *United States v. Lee,* 455 U.S. 252, 260, 102 S.Ct. 1051, 1056, 71 L.Ed.2d 127 (1982). In *Lee,* an Amish farmer-carpenter claimed that he should not be required to pay social security tax for Amish workers he employed. He argued that requiring him to pay social security tax for his workers unconstitutionally infringed on his free exercise of religion. The Court held that the government's interest in participation in the social security system was "very high." *Id.* at 259, 102 S.Ct. at 1056. The Court then found that accommodating religiously based exemptions would be too injurious to the working of the social security tax system. In so holding, the Court stated:

> The obligation to pay the social security tax initially is not fundamentally different from the obligation to pay income taxes; the difference—in theory at least—is that the social security tax revenues are segregated for use only in furtherance of the statutory program. There is no principled way, however, for purposes of this case, to distinguish between general taxes and those imposed under the Social Security Act. If, for example, a religious adherent believes war is a sin, and if a certain percentage of the federal budget can be identified as devoted to war-related activities, such individuals would have a similarly valid claim to be exempt from paying that percentage of the income tax. The tax system could not function if denominations were allowed to challenge the tax system because tax payments were spent in a manner that violates their religious belief.

*Id.* at 260, 102 S.Ct. at 1056 (citations omitted). The Court, thus specifically used Dr.

Nelson's situation which we have before us now to illustrate that "the broad public interest in maintaining a sound tax system is of such a high order, religious belief in conflict with the payment of taxes affords no basis for resisting the tax." *Id.*

Dr. Nelson argues that the *Lee* rationale and holding apply to the payment of taxes only and that the justifications for the section 6702 penalty are somehow separate. We believe Dr. Nelson's argument is flawed because the penalty is part of the total tax system and exists to protect the administration of the system. If our self-enforcing tax system is not administered efficiently so that returns must be audited one-by-one for correctness, tax revenue collection will be hindered.

Courts that have been faced with free exercise of religion challenges to section 6702 uniformly follow the guidance of *Lee* and agree that section 6702 does not unconstitutionally infringe on the exercise of religion. *McKee,* 781 F.2d at 1047; *Wall,* 756 F.2d at 53; *Welch,* 750 F.2d at 1109–10; *Drefchinski v. Regan,* 589 F.Supp. 1516, 1525; *Franklet v. United States,* 578 F.Supp. 1552, 1556 (N.D.Cal.1984), *aff'd,* 761 F.2d 529 (9th Cir.1985). We agree with this precedent and hold that section 6702 does not unconstitutionally infringe upon Dr. Nelson's free exercise of religion.

By holding as we do, we do not intend to belittle first amendment freedoms. Yet, as the Supreme Court in *Lee* stated, "[t]o maintain an organized society that guarantees religious freedom to a great variety of faiths requires that some religious practices yield to the common good." 455 U.S. at 259, 102 S.Ct. at 1056. This is such an instance.

We affirm.