899 F.2d 1223
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Astride L. WEBSTER, Plaintiff-Appellant,
v.
COUNTY OF SAGINAW; Kenneth Ruonavaara, Defendants-Appellees.
 No. 89-1624.
 United States Court of Appeals, Sixth Circuit.
 April 11, 1990.
 
 Before RALPH B. GUY, Jr. and ALAN E. NORRIS, Circuit Judges; and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Astride R. Webster, a pro se Michigan citizen, requests the appointment of counsel on appeal from the judgment in favor of defendants in this civil rights action filed under 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Ms. Webster sued her former employer seeking reinstatement and back pay, alleging that her equal protection and due process rights had been violated in her discharge. Specifically, she claimed that the work rules she was found to have violated were unconstitutionally vague, that co-workers had not been disciplined for similar conduct, that her employer had violated its policy of progressive discipline and had tampered with the evidence presented in the arbitration hearing, and that the arbitrator was biased. Her complaint also raised a pendent state claim alleging retaliatory discharge for the filing of a workers' compensation claim. The district court dismissed the latter claim without prejudice, and granted judgment for the defendant on the remaining claims.
 
 
 3
 Upon consideration, we find no error in the district court's disposition of this case. Plaintiff lacked standing to challenge the vagueness of the work rules, as her conduct clearly fell within that proscribed by the rules. See Nelson v. United States, 796 F.2d 164, 167 (6th Cir.1986). Plaintiff's allegation of unfounded selective enforcement of a rule was insufficient to state an equal protection claim. See Oyler v. Boles, 368 U.S. 448, 456 (1962). Plaintiff's remaining claims of procedural irregularities were unsupported by the record.
 
 
 4
 Accordingly, the request for counsel is denied and the district court's judgment is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.