T.C. Memo. 2006-38

UNITED STATES TAX COURT

ROBERT WILLIAM WOODS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 21419-03L.                    Filed March 9, 2006.

Robert William Woods, pro se.

<u>Marshall R. Jones</u>, for respondent.

MEMORANDUM OPINION

WELLS, <u>Judge</u>:  Petitioner seeks review, pursuant to section
6330,[1] of respondent's determination to proceed with the
collection of petitioner's tax liabilities for the 1988, 1989,

--------

[1] Unless otherwise indicated, all section references are to
the Internal Revenue Code, as amended.

1990, 1991, 1993, 1995, 1996, and 1997 taxable years.  The issue we must decide is whether petitioner's tax liabilities were discharged by an order of the U.S. bankruptcy court.  At trial, petitioner raised the bankruptcy issue for the first time and did not address the issues raised in respondent's notice of determination.

## Background

Some of the facts and certain exhibits have been stipulated. The parties' stipulations of fact are incorporated in this opinion by reference and are found as facts in the instant case. At the time he filed his petition, petitioner resided in Remlap, Alabama.

Petitioner filed Forms 1040, U.S. Individual Income Tax Return, for the taxable years 1988, 1989, 1990, 1991, 1993, and 1995 but failed to pay the balances reported as due.  Petitioner did not file Forms 1040 for the taxable years 1996 and 1997. Instead, petitioner filed IRS Form 4852, Substitute for Form W-2, Wage and Tax Statement, or Form 1099-R, Distributions from Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, Etc.  Along with Form 4852, petitioner filed an "Asseveration of Claimed Gross Income", (asseveration) in which he claimed, among other things, as follows:

> The Asseveror hereby further states that, despite the
> claims of Long Lewis Ford [his employer] on the copy of
> the W-2's or 1099's, attached to this Asseveration, he
> did not have any gross income, as he did not have any

items of gross income (26 CFR §1.861-8(a)(3)), from any taxable sources listed by the Secretary (26 CFR §1.861-8(f)(1)), to have then any 'gross income', pursuant to the rules promulgated by the Secretary.

\*      \*      \*      \*      \*      \*      \*

Furthermore, since the remuneration paid to the Asseveror by Long Lewis Ford on the Copy of the W-2's or 1099's, attached to this Asseveration, is not from a taxable source listed in 1.861-8(f)(1), nor listed in 1.861-8T(d)(2)(iii), the remuneration paid to the Asseveror is excluded from the law, and thus excluded from the definition of "gross income". This definition of gross income from a source, related to U.S. Citizens, directly leads to §911 of Title 26 USC, which has to do with U.S. Citizens living abroad.

Petitioner states in his asseveration that, because he was not living abroad, he did not have "wages", and the remuneration he received from his employer was therefore exempt.

In a letter attached to his asseveration, petitioner further stated as follows:

As you have probably already noted, the instructions on the 4852 Form states plainly that it is to be attached to the Form 1040, yet these Forms are presented without the 1040. I am concerned and almost certain that the IRS will not take these 4852 documents into consideration should I file the 1040 Form with corresponding numbers, which would be zero.

Petitioner concluded the letter stating that, because he did not have any gross income, he could not have any taxable income, and therefore he was not required to file a Form 1040.

Respondent sent petitioner separate notices of deficiency for each taxable year in issue, but petitioner failed to petition

this Court.[2]  Respondent timely assessed petitioner for the tax, additions to tax, penalties, and interest for the years in issue.

On November 28, 2002, respondent sent petitioner a Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing.  Petitioner timely filed Form 12153, Request for a Collection Due Process Hearing, on December 19, 2002. Respondent's Appeals Officer Gayla L. Owens conducted petitioner's hearing on November 12, 2003.  Petitioner raised only frivolous tax protester type arguments at the hearing, arguing that he did not have gross income as defined by sections 861, 911, and section 1.861-8(a)(4), Income Tax Regs.  Petitioner also stated at the hearing that his First Amendment, Fifth Amendment, and Sixth Amendment individual rights had been violated; that he was denied meaningful due process of law; and that decisions by lower courts, such as this Court and the Federal District Courts, are binding on the Internal Revenue Service only for the particular taxpayer and years litigated.

On November 19, 2003, respondent sent petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 sustaining the proposed levy to collect petitioner's unpaid tax liabilities for the years in issue.  On December 16, 2003, petitioner timely filed his petition with this Court, again

---

[2] Petitioner does not dispute that he received the notices of deficiency.

arguing that he did not have taxable income because "26 CFR Section 1.863-1(c) clearly states what sections to use to determine one's taxable income." Petitioner also stated in his petition that Appeals Officer Owens, as an employee of the IRS, cannot be a fair and impartial representative, and that the period of limitations on collection had expired according to section 6501.

On April 23, 2004, petitioner filed a petition under chapter 7 of title 11 of the United States Code (the Bankruptcy Code) with the United States Bankruptcy Court, Northern District of Alabama (the bankruptcy court). Respondent was listed on Schedule F, Creditors Holding Unsecured Non-Priority Claims.[3] Ms. Kenya Bufford, respondent's Insolvency Specialist from Birmingham, Alabama, was notified through the bankruptcy court of petitioner's chapter 7 bankruptcy petition. Respondent did not attend the creditors' meeting held on May 27, 2004. Petitioner received a discharge by order of the bankruptcy court dated July 27, 2004, stating: "IT IS ORDERED: The debtor is granted a discharge under section 727 of title 11, United States Code."

---

[3] Schedule F listed: "Ms. Kenya Bufford, Insolvency Specialist, IRS/Special Procedure Function, 801 Tom Martin Drive, Room 126, Birmingham, AL 35211". Schedule F did not list the total tax owed.

At trial, petitioner's only argument, raised for the first time, was that the bankruptcy court's July 27, 2004, order discharged his tax liabilities.

## Discussion

The issue we must decide is whether the bankruptcy court's July 27, 2004, order forecloses respondent from collecting petitioner's tax liabilities for the 1988, 1989, 1990, 1991, 1993, 1995, 1996, and 1997 taxable years.  Petitioner did not raise the issue of his bankruptcy discharge during the section 6330 Appeals hearing (Appeals hearing) because he did not file for bankruptcy until after filing his petition to this Court for review of respondent's determination to proceed with collection.

Before we address the issue of the bankruptcy discharge, we briefly address petitioner's position at the Appeals hearing, in his petition to this Court, and throughout the administrative process before the Internal Revenue Service.  Section 6330 provides that no levy may be made on any property or right to property of a person unless the Secretary first notifies the person in writing of the right to a hearing before the Appeals Office.  Section 6330(c)(1) provides that the Appeals officer must verify at the hearing that the applicable laws and administrative procedures have been followed.  At the hearing, the person may raise any relevant issues relating to the unpaid tax or the proposed levy, including appropriate spousal defenses,

challenges to the appropriateness of collection actions, and collection alternatives. Sec. 6330(c)(2)(A). The person may challenge the existence or amount of the underlying tax if the person did not receive any statutory notice of deficiency for the tax liability or did not otherwise have an opportunity to dispute the tax liability. Sec. 6330(c)(2)(B).

Where the validity of the underlying tax liability is properly in issue, the Court will review the matter de novo. Where the validity of the underlying tax is not properly in issue, however, the Court will review the Commissioner's administrative determination for abuse of discretion. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).

Petitioner did not dispute at his Appeals hearing that he received the notices of deficiency. Petitioner argued, during the Appeals hearing and throughout the administrative process with the IRS, that he did not have taxable income under sections 861, 911, and section 1.861-8(a)(4), Income Tax Regs. That argument has been rejected by every court that has addressed the issue and is the type of frivolous argument that wastes the Court's time and resources.[4] We do not address petitioner's

---

[4] In two letters to respondent dated July 31 and Sept. 16, 2002, petitioner claims that he is not a tax protester and that he has never made a ridiculous claim regarding the law. Petitioner informed respondent that he was a member of N.I.T.E.
(continued...)

section 861 argument with somber reasoning and copious citations of precedent, as to do so might suggest that petitioner's arguments possess some degree of colorable merit.[5]  See <u>Crain v. Commissioner</u>, 737 F.2d 1417, 1417 (5th Cir. 1984).  During the Appeals hearing petitioner raised only his frivolous section 861 argument and did not provide any collection alternatives. Accordingly, Appeals Officer Owens determined to proceed with collection of petitioner's tax liabilities for the years in issue.

---

[4](...continued)
(National Institute for Taxation Education) and a follower of Thurston Paul Bell, a well-known advocate of the frivolous section 861 argument.  Petitioner also warned respondent that respondent needed to "be informed of the present circumstances the government is facing" in its case against Mr. Bell in the Federal District Court for the Middle District of Pennsylvania to enjoin him from promoting his sec. 861 argument and other tax avoidance services.  The remainder of those letters contain nonsensical and almost incomprehensible "free speech" arguments and numerous cites to caselaw and statutes taken completely out of context.

We note that Thurston Paul Bell was enjoined from promoting his frivolous sec. 861 argument and other tax avoidance services. See <u>United States v. Bell</u>, 414 F.3d 474 (3d Cir. 2005), affg. 238 F. Supp. 2d 696 (M.D. Pa., 2003).  We also note that another well-known tax protester, Larken Rose, was recently sentenced to 15 months in prison for not filing returns and advancing the frivolous sec. 861 argument.  See <u>United States v. Rose</u>, 2005 WL 3216739 (E.D. Pa., May 25, 2005).

[5] While we do not address petitioner's frivolous section 861 argument, we note that respondent provided petitioner three cases from this Court rejecting the argument:  <u>Williams v. Commissioner</u>, 114 T.C. 136, 138 (2000); <u>Madge v. Commissioner</u>, T.C. Memo. 2000-370; and <u>Aiello v. Commissioner</u>, T.C. Memo. 1995-40.

I.   The Parties' Contentions.

Petitioner contends, for the first time in his brief, that his tax liabilities for the years in issue have been discharged under section 507 of the Bankruptcy Code.  Petitioner contends as follows:

> The issues addressed in 11 U.S.C. § 507(a)(8)(A)(ii) clearly state that if the tax was "assessed **within** 240 days, plus any time plus 30 days [sic] during which an offer in compromise with respect to such tax that was made within the 240 days after such assessment was pending, before the date of the filing of the petition" the taxes in question are not dischargeable.
>
> In the instant case, NONE of the things addressed in the above referenced code sections apply.  The taxes were, by the IRS's own admission, assessed more than 240 days prior to the bankruptcy petition being filed and there was no recent offer in compromise to take into consideration.
>
> Further, 11 U.S.C. §§ 507 & 523 address the issue of when returns, if required, are filed.  Those sections clearly state that an income tax debt is dischargeable under [11] U.S.C. § 507(a)(8)(A)(i) if the tax return was last due, including extensions, more than 3 years prior to the bankruptcy filing date.  * * * Obviously, since the latest year at issue is 1997 the 3 year time limit has run.

Petitioner also contends that respondent has no claim because respondent failed to attend the creditors' meeting on May 27, 2004, to claim the tax debt was not discharged.

Respondent contends that, under Magana v. Commissioner, 118 T.C. 488 (2002), we need not consider petitioner's bankruptcy discharge in our review for an abuse of discretion under section 6330(d)(1) because petitioner failed to raise the issue during

the Appeals Office's consideration of the case.  See id. at 493-494 (holding that issues not raised by a taxpayer during the Appeals Office's consideration of a case under section 6330 generally will not be considered by the Court upon a review for abuse of discretion).  Respondent further contends that, even if we consider the bankruptcy court's July 27, 2004, order granting petitioner a discharge, respondent may still proceed with collection for the 1988, 1989, 1990, 1991, 1993, and 1995 taxable years[6] because respondent had prior liens pursuant to section 6321.  Relying on Chase Auto. Fin., Inc. v. Kinion, 207 F.3d 751 (5th Cir. 2000), respondent contends that creditors are not prevented from postdischarge enforcement of a valid lien that existed at the time of the entry of a bankruptcy order for relief, if the lien was not avoided in the bankruptcy proceeding.[7]  Because petitioner did not file a Form 1040 for the 1996 and 1997 taxable years, respondent further contends that respondent is not foreclosed from collecting the taxes for 1996 and 1997 because 11 U.S.C. sec. 523(a)(1)(B)(2000) excepts them from discharge.  Swanson v. Commissioner, 121 T.C. 111, 120-121 (2003).

---

[6] Petitioner filed tax returns for these years but failed to pay the balances due.

[7] Respondent contends that, since the record in the instant case does not contain any indication that the sec. 6321 liens were avoided, respondent may proceed with collection of petitioner's tax liabilities for the years in issue.

We do not need to decide whether <u>Magana v. Commissioner</u>, <u>supra</u>, precludes our consideration of petitioner's bankruptcy discharge. Even if we were to assume arguendo that the effect of the discharge may be considered, petitioner could not prevail in the instant case because, for reasons explained below, we conclude that petitioner's tax debts remain collectible by levy. Moreover, because we do not believe that it will be either necessary or productive, we shall not remand this case to respondent's Appeals Office to consider petitioner's arguments. See <u>Lunsford v. Commissioner</u>, 117 T.C. 183, 189 (2001).

II. <u>Jurisdiction Over the Bankruptcy Discharge Issue.</u>

This Court has jurisdiction in a levy proceeding instituted under section 6330(d)(1) to decide whether a taxpayer's unpaid tax liabilities were discharged in bankruptcy. <u>Swanson v. Commissioner</u>, <u>supra</u> at 117; see also <u>Washington v. Commissioner</u>, 120 T.C. 114, 120-121 (2003).

Title 11 section 523 provides exceptions to discharge from bankruptcy. Bankruptcy courts have exclusive jurisdiction for debts listed in 11 U.S.C. section 523(a)(2), (4), (6), and (15). Title 11 section 523(c)(1); <u>Swanson v. Commissioner</u>, <u>supra</u> at 126 (citing <u>In re McKendry</u>, 40 F.3d 331, 335 (10th Cir. 1994); <u>In re Galbreath</u>, 83 Bankr. 549, 550 (Bankr. S.D. Ill. 1988); Fed. R. Bankr. P. 4007 Advisory Committee's Note (1983); 4 Collier on Bankruptcy, par. 523.03, at 523-17 (15th ed. rev. 1996)). "With

respect to determining whether other debts, including tax debts, are dischargeable, bankruptcy courts have concurrent jurisdiction with other courts."  Swanson v. Commissioner, supra at 126-127 (citing Whitehouse v. LaRoche, 277 F.3d 568, 576 (1st Cir. 2002); In re McKendry, supra at 335 n.3; In re Galbreath; supra at 551; Fed. R. Bankr. P. 4007 Advisory Committee's Note (1983) ("Jurisdiction over this issue on these debts [debts listed under 11 U.S.C. sec. 523(a)(1), (3), (5), (7), (8), and (9)] is held concurrently by the Bankruptcy Court and any appropriate nonbankruptcy forum."); 4 Collier on Bankruptcy, par. 523.03, at 523-19).  Such concurrent jurisdiction allows dischargeability issues relating to certain debts to be decided by the nonbankruptcy court if the issues have not been addressed by the bankruptcy court in a prior chapter 7 proceeding.  Swanson v. Commissioner, supra at 127.

The record in the instant case contains no evidence that the bankruptcy court addressed the issue of whether petitioner's tax liabilities were dischargeable.  The bankruptcy court's order merely states:  "The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code)". While respondent's insolvency specialist was listed on an attachment to the Schedule F of the bankruptcy court's order, a dollar amount for the claim was not listed.

In <u>Washington</u> and <u>Swanson</u> we decided that the bankruptcy court had not addressed whether the taxpayers' tax debts were discharged because the records in both cases lacked any evidence to the contrary. The bankruptcy court orders in both <u>Washington</u> and <u>Swanson</u> released the taxpayers from all "dischargeable debts." See <u>Washington v. Commissioner</u>, <u>supra</u> at 116; <u>Swanson v. Commissioner</u>, <u>supra</u> at 120. In the instant case, however, the bankruptcy court's order makes no reference to dischargeable debts. That lack of reference, however, is of no consequence. Section 727 of title 11 does not release a debtor from a debt that is nondischargeable under the Bankruptcy Code. Thus, an order discharging a debtor from all "dischargeable debts" is no different, for present purposes, from an order granting the debtor "a discharge under section 727 of title 11, United States Code".

Accordingly, based upon our holdings in <u>Washington</u> and <u>Swanson</u>, we hold that, in the instant levy proceeding commenced under section 6330(d)(1), the Court has jurisdiction to decide whether the U.S. Bankruptcy Court for the Northern District of Alabama discharged petitioner's tax liabilities for the 1988, 1989, 1990, 1991, 1993, 1995, 1996, and 1997 taxable years.

III. <u>Sections 507 and 523 of the Bankruptcy Code.</u>

As noted above, petitioner contends that his tax liabilities for the years in issue were discharged because they were not

filed within the time prescribed under 11 U.S.C. 507(a)(8).

Section 507(a) of the Bankruptcy Code establishes a priority for

claims; section 507(a)(8) provides, in pertinent part, as

follows:

> (8) Eighth, allowed unsecured claims of governmental
> units, only to the extent that such claims are for--
>
>> (A) a tax on or measured by income or gross
>> receipts--
>>
>>> (i) for a taxable year ending on or before
>>> the date of the filing of the petition for
>>> which a return, if required, is last due,
>>> including extensions, after three years
>>> before the date of the filing of the
>>> petition;
>>>
>>> (ii) assessed within 240 days, plus any time
>>> plus 30 days during which an offer in
>>> compromise with respect to such tax that was
>>> made within 240 days after such assessment
>>> was pending, before the date of filing the
>>> petition; or
>>>
>>> (iii) other than a tax of a kind specified
>>> under section 523(a)(1)(B) or 523(a)(1)(C) of
>>> this title, not assessed before, but
>>> assessable, under applicable law or by
>>> agreement, after, the commencement of the
>>> case;

Thus, according to petitioner, respondent's claims for

petitioner's income taxes are valid only if a tax return was due

within 3 years of the filing of the petition with the bankruptcy

court, or the tax was assessed within 240 days before the filing

of the petition with the bankruptcy court.

We disagree.  Title 11 U.S.C. section 523(a) provides as follows:

 (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does <u>not</u> discharge an individual debtor from any debt–

 (1) for a tax or a customs duty–

 (A) of the kind and for the periods specified in section 507(a)(2) or <u>507(a)(8)</u> of this title, whether or not a claim for such tax was filed or allowed;

 (B) with respect to which a return, if required–

 (i) <u>was not filed</u>; or

 (ii) was filed after the date on which such return was last due, under applicable law or under any extension, and after two years before the date of the filing of the petition; or

 (C) with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax; [Emphasis added.]

Accordingly, an individual debtor is not discharged under 11 U.S.C. section 727 from a tax liability specified under 11 U.S.C. section 507(a)(8), whether or not a claim was filed, or from a tax liability with respect to which the debtor failed to file a required return or willfully attempted in any manner to evade or defeat such tax.  Title 11 U.S.C. section 523(a)(1)(A), (B), and (C).  See generally <u>Brumbaugh v. United States</u>, 267 Bankr. 800 (Bankr. S.D. Ohio 2001)(tax protester's debts not discharged, despite being assessed more than 240 days prior to petitioning

the bankruptcy court, because the debts were nondischargeable

under 11 U.S.C. sec. 523(a)(1)(B) and (C)).

Petitioner also fails to appreciate the effect of lien under

SEC. 6321.  LIEN FOR TAXES.-- which provides:

> If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

The lien arises at assessment and continues until the liability

is satisfied or becomes unenforceable because of lapse of time.

Section 6322.

IV.  <u>Dischargeability Under Section 523(a)(1)(B) of the Bankruptcy Code.</u>

A Chapter 7 debtor generally is discharged from all debts

that arose before the filing of the bankruptcy petition under 11

U.S.C. sec. 727(b).  Certain debts, however, are excepted from

discharge under 11 U.S.C. sec. 523.  11 U.S.C. section

523(a)(1)(B)(i) excepts a tax debt from discharge in bankruptcy

if a debtor was required to file a tax return with respect to

such tax but failed to file one.  A purpose of the return

requirement in section 523(a)(1)(B) is to "prevent a debtor who

has ignored the filing requirements from escaping liability for

unpaid taxes through the debtor's own misconduct."  <u>Swanson v.</u>

<u>Commissioner</u>, 121 T.C. at 122 (citing <u>In re Hindenlang</u>, 164 F.3d

1029, 1032 (6th Cir. 1999); In re Bergstrom, 949 F.2d 341, 342 (10th Cir. 1991)).

The Bankruptcy Code does not define the term "return". In defining return for purposes of 11 U.S.C. sec. 523(a)(1)(B), other courts have looked to the Internal Revenue Code and cases decided by this Court. Swanson v. Commissioner, supra at 122. In Beard v. Commissioner, 82 T.C. 766 (1984), affd. 793 F.2d 139 (6th Cir. 1986), we developed a test for whether a document qualifies as a return. We held that, in order to qualify as a return, a document must meet the following requirements: (1) Purport to be a return; (2) be executed under penalty of perjury; (3) contain sufficient data to allow a calculation of tax; and (4) represent an honest and reasonable attempt to satisfy the requirements of the tax law. Id. at 777.

Petitioner filed Forms 1040, for the taxable years 1988, 1989, 1990, 1991, 1993, and 1995 but failed to pay the balances due. Petitioner did not file Forms 1040 for the taxable years 1996 and 1997. Instead, for taxable years 1996 and 1997, petitioner filed IRS Form 4852, Substitute for Form W-2, or Form 1099-R, and his asseveration denying that he earned any wages.[8] At trial, petitioner argued that, although he did not

---

[8] Petitioner informed respondent's Appeals Officer that his speech included in the Form 4852 was protected under the First Amendment because it was his redress against the Government as well as his defense against the Government's "illgitimate
(continued...)

file a Form 1040, he did file IRS Form 4852, which he claimed was apparently good enough for the IRS to make its assessment.

Petitioner signed the Form 4852 under penalty of perjury. However, that document does not satisfy the other prongs of the Beard test and therefore does not qualify as a return.  Because the Form 4852 does not "convey, imply, or profess outwardly" to be a return, it does not purport to be a return.  Beard v. Commissioner, supra at 778.  In fact, in a letter to respondent dated September 5, 1999, contesting penalties under section 6702 for filing a frivolous income tax return, petitioner stated:  "I did not file a Form 1040 or anything that purported to be a return for the year 1996 or 1997 to be considered a Frivolous Return".  (Emphasis added.)

---

[8](...continued)
assumptions" that all income is gross income.  Petitioner may disagree with and dislike the tax laws, but such "Noncompliance with the tax law is not protected by the First Amendment." Butler v. Commissioner, T.C. Memo. 1999-263 (citing Sloan v. Commissioner, 53 F.3d 799, 800 (7th Cir. 1995), affg. 102 T.C. 137 (1994); Hettig v. United States, 845 F.2d 794, 795-796 (8th Cir. 1988); Bradley v. United States, 817 F.2d 1400, 1404-1405 (9th Cir. 1987); McKee v. United States, 781 F.2d 1043, 1047 (4th Cir. 1986); Collett v. United States, 781 F.2d 53, 55 (6th Cir. 1985); Eicher v. United States, 774 F.2d 27, 29-30 (1st Cir. 1985); Hudson v. United States, 766 F.2d 1288, 1291-1292 (9th Cir. 1985); Kahn v. United States, 753 F.2d 1208, 1214-1217, 1222-1223 n.8 (3d Cir. 1985); Mosher v. IRS, 775 F.2d 1292, 1295 (5th Cir. 1985); Welch v. United States, 750 F.2d 1101, 1108-1110 (1st Cir. 1985); United States v. Malinowski, 472 F.2d 850, 857-858 (3d Cir. 1973)).

The Form 4852 also does not represent an honest and reasonable attempt to satisfy the tax laws, id. at 777, which is a critical requirement; see id. at 779 (stating that the critical requirement is that there must be an honest and reasonable attempt to satisfy the requirements of the Federal income tax laws). Petitioner filed the Form 4852, and deliberately omitted the Form 1040, in protest of the tax laws claiming that he did not have wages, gross income, or taxable income as defined in the Internal Revenue Code. The Form 4852 and accompanying asseveration filed by petitioner were merely vehicles to assert his frivolous arguments to respondent and to avoid payment of his tax liabilities. As we noted in Beard:

> "In tax protester cases, it is obvious that there is no 'honest and genuine' attempt to meet the requirements of the code. In our self-reporting tax system the government should not be forced to accept as a return a document which plainly is not intended to give the required information." [Id. at 779 (quoting United States v. Moore, 627 F.2d 830, 835 (7th Cir. 1980)).]

Accordingly, we hold that petitioner did not file returns for the 1996 and 1997 taxable years, and, therefore, his tax liabilities for those two years are excepted from discharge under 11 U.S.C. section 523(a)(1)(B)(i). Swanson v. Commissioner, 121 T.C. at 125; Howard v. Commissioner, T.C. Memo. 2005-100.

V. Sections 6321 and 6322.

We need not decide whether the bankruptcy court discharged petitioner from personal liability for his tax liabilities for

1988, 1989, 1990, 1991, 1993, and 1995.[9]  Even if we were to assume arguendo that those liabilities were discharged in personam, any property that belonged to petitioner when he filed his bankruptcy petition is still encumbered in rem by a Federal tax lien and remains subject to levy.  The U.S. Government obtains a lien against all property and rights to property, whether real or personal, if a person liable for any tax neglects or refuses to pay such tax after demand has been made.  Sec. 6321.  The lien arises automatically and continues until the tax liability is satisfied or becomes unenforceable by lapse of time.

_____

[9] Although not necessary to our decision in the instant case, we take notice that bankruptcy courts that have faced the issue have held that frivolous tax protester behavior may constitute a willful attempt in any manner to evade or defeat tax under 11. U.S.C. sec. 523(a)(1)(C) (2000).  See, e.g., Myers v. IRS, 216 Bankr. 402, 404-405 (6th Cir. BAP Ohio 1998); Brumbaugh v. United States, 267 Bankr. 800, 811 (Bankr. S.D. Ohio 2001); Wilbert v. IRS, 262 Bankr. 571, 576-577 (Bankr. N.D. Ga. 2001); Berning v. IRS, 244 Bankr. 96, 99 (Bankr. N.D. Ohio 1999); Spirito v. United States, 198 Bankr. 624, 629 (Bankr. M.D. Fla. 1996); Laurin v. United States, 161 Bankr. 73, 75 (Bankr. D. Wyo. 1993).

We also take notice that based on petitioner's long history of not paying his taxes, his frivolous arguments, and his creation of roadblocks to prevent collection of his tax liabilities, a court could conclude that petitioner did not file his bankruptcy petition in good faith.  Such bad faith filing by tax protesters is an attempted abuse of the bankruptcy process which frequently results in the dismissal of the petition by the bankruptcy court.  See, e.g., United States v. Mathews, 209 Bankr. 218, 221 (BAP 6th Cir. 1997); Morimoto v. United States, 171 Bankr. 85, 86 (BAP 9th Cir. 1994); In re Johnston, 207 Bankr. 142, 145-146 (S.D. Tex. 1996); In re Hovind, 197 Bankr. 157, 161 (Bankr. N.D. Fla. 1996); In re Burrell, 186 Bankr. 230, 234-235 (Bankr. E.D. Tenn. 1995).

Sec. 6322; see also Iannone v. Commissioner, 122 T.C. 287, 292-293 (2004).

Federal tax liens of which notice has been filed are not extinguished by personal discharge in bankruptcy. 11 U.S.C. sec. 522(c)(2)(B) (2004); see also Iannone v. Commissioner, supra at 293. "A discharge of personal liability in bankruptcy 'extinguishes only one mode of enforcing a claim--namely, an action against the debtor in personam--while leaving intact another--namely, an action against the debtor in rem.'" Iannone v. Commissioner, supra at 293. (quoting Johnson v. Home State Bank, 501 U.S. 78, 84 (1991). Any pre-existing Federal tax liens remain in effect and attach to assets owned prior to the date of the filing the bankruptcy petition. 11 U.S.C. sec. 522(c)(2)(B); Iannone v. Commissioner, supra at 293.

The record in the instant case shows that, before petitioner commenced his case in bankruptcy, respondent properly assessed and demanded payment of the tax liabilities owed for the 1988, 1989, 1990, 1991, 1993, and 1995 taxable years. Petitioner has presented no evidence that the Federal tax liens arising from those liabilities were defective. Petitioner simply insists that his tax debts were discharged by the bankruptcy court's July 27, 2004, order. However, when petitioner filed for bankruptcy, there were valid Federal tax liens on his property.

Section 6331(a) provides, in pertinent part:

If any person liable to pay any tax neglects or refuses to pay the same * * *, it shall be lawful for the Secretary to collect such tax * * * by levy upon all property and rights to property(except such property as is exempt under section 6334) belonging to such person or on which there is a lien provided in this chapter for the payment of such tax. * * *

Section 6334(a) exempts the following from levy:  (1) Wearing apparel and school books; (2) fuel, provisions, furniture, and personal effects; (3) books and tools of a trade, business, or profession; (4) unemployment benefits; (5) undelivered mail; (6) certain annuity and pension payments; (7) workmen's compensation; (8) judgment for support of minor children; (9) certain amounts of wages, salary and other income; (10) certain service-connected disability payments; (11) certain public assistance payments; (12) assistance under the job training partnership act (since repealed); (13) certain residences.  See also Iannone v. Commissioner, supra at 293-294.

Section 6334(c) provides:  "Notwithstanding any other law of the United States * * *, no property or rights to property shall be exempt from levy other than the property specifically made exempt by subsection (a)."  Section 301.6334-1(c), Proced. & Admin. Regs., provides that "No provision of a State law may exempt property or rights to property from levy for the collection of any Federal tax."  See also Iannone v. Commissioner, supra at 294.

Petitioner has neither alleged nor presented any evidence that any of the property to which the Federal tax lien attached or upon which respondent intends to levy is exempt under section 6334(a). Accordingly, we hold that respondent may proceed with the proposed levy in satisfaction of petitioner's tax liabilities for the 1988, 1989, 1990, 1991, 1993, 1995, 1996 and 1997 taxable years.

VI. Petitioner's Other Contentions.

Petitioner contends, in his brief, that respondent does not have a claim because respondent failed to attend the creditors' meeting on May 27, 2004, to object to petitioner's discharge. Petitioner's argument has no merit. Because the tax debts for 1996 and 1997 in the instant case are of the type specified in 11 U.S.C. sec. 523(a)(1), respondent was not required to object or even file a claim to protect against discharge because the liabilities were nondischargeable. Swanson v. Commissioner, 121 T.C. at 128. Furthermore, the Federal tax liens are not extinguished by bankruptcy. 11 U.S.C. sec. 522(c)(2)(B). A discharge in bankruptcy extinguishes only the ability to proceed against the debtor personally; it leaves intact the lien on the debtor's property. Iannone v. Commissioner, supra at 293. Accordingly, because there were valid Federal tax liens on petitioner's property for the 1988, 1989, 1990, 1991, 1993, and 1995 taxable years, it was not necessary for respondent to attend

the creditors' meeting in order to levy upon the property to which those liens attached.

We have considered all of petitioner's contentions.  To the extent not addressed herein, those contentions are without merit or unnecessary to reach.

VII. Section 6673.

The record in the instant case shows that respondent warned petitioner in November 2003, and again in the notice of determination, that this Court could impose a penalty under section 6673, and further warned petitioner that his section 861 argument was frivolous and groundless.  Section 6673(a)(1) provides that this Court may require the taxpayer to pay a penalty not in excess of $25,000 whenever it appears to this Court that:  (a) The proceedings were instituted or maintained by the taxpayer primarily for delay; (b) the taxpayer's position is frivolous or groundless; (c) or the taxpayer unreasonably failed to pursue available administrative remedies.

Petitioner's 1996 and 1997 tax returns were nothing but vehicles to assert his frivolous section 861 argument that he did not owe taxes.  The record also contains several letters from petitioner to respondent which contain nothing but his frivolous 861 argument and assorted frivolous free speech arguments.

Petitioner was well aware that respondent intended to collect petitioner's tax liabilities long before he filed his

petition with the bankruptcy court on April 23, 2004. Petitioner had been receiving correspondence from respondent for many years regarding his growing tax liabilities and was sent respondent's Final Notice of Intent to Levy on November 28, 2002, approximately 1 year and 5 months before petitioner filed his petition with the bankruptcy court. Between November 28, 2002, and his Appeals hearing almost a year later on November 12, 2003, petitioner repeatedly raised his frivolous section 861 argument instead of cooperating with respondent. After receiving a notice of determination on November 19, 2003, notifying him that collection was imminent, petitioner instituted proceedings with this Court on December 16, 2003, in an attempt to delay collection, stating that he did not have taxable income because "26 CFR Section 1.863-1(c) clearly states what sections to use to determine one's taxable income." Four months after filing his petition with this Court, but before trial, petitioner filed his petition with the bankruptcy court on April 23, 2004. Petitioner now argues that his tax liabilities, which he previously argued he did not owe under section 861, were discharged by the bankruptcy court's July 27, 2004, order.

On the basis of the record in the instant case, we are convinced that petitioner instituted proceedings with this Court to delay collection, repeatedly advanced his frivolous section 861 argument, despite being warned it was frivolous, and failed

to cooperate with respondent during the administrative process and appeals hearing.  Petitioner's timing of his bankruptcy petition was clearly yet another attempt to delay or avoid collection.  Accordingly, we shall impose a penalty of $10,000 pursuant to section 6673.

VIII. <u>Conclusion.</u>

We hold that respondent may proceed with the proposed levy to collect the tax liabilities for the years in issue.

To reflect the foregoing,

<u>An appropriate decision</u>

<u>will be entered</u>.