No. 99-10860
-1-

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-10860
Conference Calendar

_____

RAIN & HAIL INSURANCE SERVICE,

                                          Plaintiff-Appellee,

versus

CHRISTOPHER SAPP, Individually, doing
business as C & J Sapp Publishing Company;
JEAN SAPP, Individually, doing business
as C & J Sapp Publishing Company,

                                          Defendants-Appellants.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:99-CV-174
--------------------
April 12, 2000

Before WIENER, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

     Christopher and Jean Sapp, appearing individually and doing

business as C & J Sapp Publishing Company ("the Sapps"), appeal

the district court's order remanding the instant lawsuit, brought

against them by Rain & Hail Insurance Service ("Rain & Hail") for

alleged nonpayment of insurance premiums, to Texas state court.

They argue that the removal order is appealable because 28 U.S.C.

§ 1227(d) provides them with an appeal as of right.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Contrary to their assertion, because the district court's remand order was based on the untimeliness of the removal, a ground enumerated in 28 U.S.C. § 1447(c), the removal order is not appealable. Things Remembered, Inc. V. Petrarca, 516 U.S. 124, 127-28 (1996); 28 U.S.C. § 1447(d). Accordingly, the appeal is DISMISSED for lack of jurisdiction. 5TH CIR. R. 42.2.

Rain & Hail's motion for sanctions, pursuant to Fed. R. App. R. 38, is GRANTED. This appeal is frivolous. The Sapps' arguments are wholly without merit, and the result of the appeal is obvious; accordingly, the Sapps are ORDERED to pay sanctions in the amount of $1,500, as double costs and reasonable attorneys' fees. See Buck v. United States, 967 F.2d 1060, 1062 (5th Cir. 1993).

APPEAL DISMISSED; SANCTIONS IMPOSED.