**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 00-10575

_____

DEBRA A BURDEN,

                                        Plaintiff,

DAVID L SMITH,

                                        Appellant,

versus

BTI EMPLOYEE SCREENING SERVICES INC,

                                        Defendant - Appellee.

_____

Appeal from the United States District Court
For the Northern District of Texas
USDC No. 3:98-CV-2073-BF-(T)
_____

August 9, 2001

Before EMILIO M. GARZA, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    David L. Smith appeals the decision of the Magistrate Judge to award BTI Employee

---

    [*]    Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

Screening a portion of its attorneys' fees against Smith individually. BTI Employee Screening moves for sanctions against Smith for the filing of a frivolous appeal.

We review awards of attorneys' fees for abuse of discretion. *See Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 535 (5th Cir. 1996). 28 U.S.C. § 1927 provides that "[a]ny attorney . . . who multiplies the proceeding in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." The evidence of unreasonable and vexatious conduct by Smith in this case is ample, and includes Smith's designation of numerous witnesses with no knowledge of their possible testimony, and designation of numerous exhibits without knowledge of their possible relevance nor intention of entering them into evidence. The Magistrate Judge did not abuse his discretion by awarding attorneys' fees against Smith.

Federal Rule of Appellate Procedure 38 gives us the discretion to award sanctions for the filing of frivolous appeals, and we exercise that discretion in this case. Smith has filed a lengthy appellate brief, but has cited no authority for his position, nor pointed to any specific place in the record where we might find the alleged due process violations. *See Buck v. United States*, 967 F.2d 1060, 1062 (5th Cir. 1993) (a frivolous appeal is one in which "the result is obvious or the arguments of error are wholly without merit."); *see also Spiegal v. Continental Illinois Nat'l Bank*, 790 F.2d 638 (7th Cir. 1986) (granting sanctions where counsel failed to explain how the district court erred or to present logical arguments for reversing that decision). Accordingly, we grant BTI Employee Screening's motion for sanctions and award attorneys' fees in the amount of $3,212.20 together with double costs. Smith's motion for sanctions against BTI and its counsel is DENIED.

AFFIRMED.