# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 19, 2008

Charles R. Fulbruge III
Clerk

No. 07-50165
Summary Calendar

RIAD ELSOLH HAMAD,

Plaintiff-Appellant,

V.

CENTER FOR JEWISH COMMUNITY STUDIES;
AMERICANS AGAINST HATE; JOE KAUFMAN,
Chairman of Americans Against Hate;
MILITANTISLAMMONITOR.ORG; DOTSTER INC.;
CENTER FOR THE STUDY OF POPULAR CULTURE;
DAVID HOROWITZ,

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Texas
USDC No. A 06 CA 285 SS

Before HIGGINBOTHAM, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Riad Elsolh Hamad ("Hamad"), pro se, brought defamation and related claims against Defendants-Appellees Center for Jewish Community Studies, Americans Against Hate, Joe Kaufman,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

MilitantIslamMonitor.org, Dotster, Inc., Center for the Study of Popular Culture, and David Horowitz (collectively "Defendants"). Dotster, Inc. seeks sanctions and costs against Hamad as well as other such relief that this Court deems proper. In a related action, Daniel Pipes and the Middle East Forum (which operates Campus Watch) seek attorneys' fees arising from their earlier involvement in this case. For the following reasons, we AFFIRM the ruling of the district court, DENY Dotster Inc.'s request for sanctions, GRANT Dotster Inc.'s request for costs, and GRANT attorneys' fees to Pipes and the Middle East Forum.

I.

Hamad is a teacher in the Austin Independent School District and the owner of an organization called Palestinian Children's Welfare Fund ("PWCF.org"). On April 13, 2006, Hamad filed his original complaint before the district court, alleging a litany of claims including libel and slander against David Horowitz and the Center for Popular Culture. Since then, Hamad has filed five amended complaints. In each one, Hamad added and removed parties and claims. In his most recent amended complaint, he brought over twenty claims against approximately fourteen defendants.[1]

Hamad's claims stem from several online articles, which he argues contained false information including allegations that PWCF.org is a militant Islamic charity with links to terrorism in the West Bank and Gaza. Hamad contends that the articles were published as a part of a conspiracy to slander and interfere with his business and his contract with the Austin Independent School District.

---

[1] It should be noted that a number of the Defendants in Hamad's final complaint had been dismissed by earlier district court orders. However, Hamad continued to name these defendants in subsequent pleadings, including his fifth and final amended complaint.

The district court dismissed Hamad's final amended petition in its entirety, holding that each of Hamad's claims were barred by the relevant statutes of limitations.[2] The district court also concluded that to the extent the claims were not barred by the statute of limitations, the claims were frivolous attempts to avoid the statute of limitations applicable to libel claims. Hamad filed a timely notice of appeal.

II.

This court reviews the dismissal of a case for failure to state a claim under Rule 12(b)(6) de novo. Frank v. Delta Airlines Inc., 314 F.3d 195, 197 (5th Cir. 2002). Dismissal is proper if the complaint lacks an allegation of an element that is required to obtain relief. Rios v. City of Del Rio, 444 F.3d 417, 421 (5th Cir. 2006). To survive dismissal, a plaintiff must allege more than "conclusory allegations or legal conclusions masquerading as factual conclusions." Fernandez-Montes v. Allied Pilots Ass'n., 987 F.2d 278, 284 (5th Cir. 1993).

On appeal, Hamad contends that the district court improperly dismissed his claims on statute of limitations grounds. Under Texas law, "[a] person must bring a suit for . . . libel, slander . . . not later than one year after the day the cause of action accrues." TEX. CIV. PRAC. & REM. CODE § 16.002(a). Texas courts have adopted the "single publication rule" in cases involving mass media publications. Williamson v. New Times, Inc., 980 S.W.2d 706,710 (Tex. App. 1998). Under this rule, "[t]he one-year limitations period begins to run when publication of the libelous statement is complete, which is 'the last day of the mass distribution of copies of the printed matter.'" Nationwide Bi-Weekly

---

[2] The district court also order that Hamad would pay attorneys fees and costs in the following amounts: $12,915 in fees, plus costs on behalf of Daniel Pipes and the Middle East Forum; $18,401.93 in fees, plus costs on behalf of the Center for Jewish Community Studies, and $19,524 in fees, plus costs on behalf of David Horowitz and the Center for the Study of Popular Culture. Moreover, the district court awarded $1000 each to each defendant "sued and served" in this case, amounting to $9000.

Admin., Inc., v. Belo Corp., --- F.3d ----, 2007 WL 4465124, at *3 (5th Cir. Dec. 21, 2007) (internal citation and quotations omitted). Although the Texas Supreme Court has yet to consider whether the single publication rule should also apply to internet publications, this Court recently considered this issue. Id. at *4. In making our Erie guess, we concluded that Texas would apply the single publication rule, rather than the continuous publication rule, to Internet publications. Id. at *7. Accordingly, the one-year statute of limitations begins to run on the first day the publication is posted on the Internet. Id.

Here, Hamad fails to allege a specific date of publication for any of the publications of which he complains. In his briefs to this Court, he alleges that the article posted on militantislammonitor.com was published in July 2004, while the articles posted on frontpagemag.com and discoverthenetwork.org were published in June 2003. Because Hamad filed his first complaint in April 2006, even accepting his vague allegations as true, and assuming the dates he has provided are correct approximations, under the single publication rule, Hamad's complaints are barred by the statute of limitations.

In addition to his defamation claims, Hamad also brought various other tort claims, including libeling and slandering a business name, defamation through fraud of a business name, interference with a business contract, conspiracy to interfere with a business contract, tortious interference with a business contract, disparagement of a business name, and disparagement of business products. Hamad argues that the district court erred in dismissing his other tort claims as barred by the relevant statute of limitations. We disagree.

The statute of limitations for the other tort claims listed in Hamad's complaints is two years. TEX. CIV. PRAC. & REM. CODE § 16.003(a). However, Texas courts have applied a one-year statute of limitations to business disparagement claims where the gravamen of the complaint is injury to the plaintiff's reputation because of allegedly defamatory statements. See, e.g.,

Williamson, 980 S.W.2d at 710-11 ("If the damages alleged are primarily personal and general e.g., injury to personal reputation, humiliation, or mental anguish-then the cause of action is one for libel or slander . . ."); Hurlbut v. Gulf Atl. Life Ins. Co., 749 S.W.2d 762, 768 (Tex. 1987). Therefore, Hamad cannot avoid the one-year statute of limitations applicable to defamation claims by simply alleging additional causes of action that are subject to a two-year statute of limitations.

The primary focus of Hamad's claims is the damage to his personal reputation. Moreover, all of Hamad's claims are based upon the same allegedly false and disparaging comments. Hamad has presented no evidence to show that his contract with the Austin Independent School District was affected by these statements, nor has he shown that these statement had any effect on his work with PCWF.org. Accordingly, we find that the district court did not err in applying the one-year statute of limitations for libelous and tortious conduct to Hamad's remaining tort claims.

Finally, based on the showing made, Dotster, Inc.'s one sentence, conclusory request for sanctions is DENIED without prejudice to a later filing. Dotster Inc.'s request for costs is GRANTED.

III.

In an earlier proceeding dated July 23, 2007, this court summarily dismissed several other parties to this same litigation including Appellees Daniel Pipes and Middle East Forum. Based on that action, on August 6, 2007, Pipes and the Middle East Forum moved for attorneys' fees in the amount of $32,944.50 under Federal Rule Appellate Procedure 38, which allows for sanctions if an appeal is frivolous. At the direction of this court, Hamad was required to file a motion in opposition to the award of attorneys, if he so desired, by August 20, 2007. He did not do so.

Under Rule 38, "a frivolous appeal is an appeal in which 'the result is obvious or the arguments of error are wholly without merit.'" Buck v. United States, 967 F.2d 1060, 1062 (5th Cir.1992) (citation omitted). In support of their Rule 38 motion, Pipes and the Middle East Forum have submitted an affidavit and a detailed bill of costs. Appellees also twice contacted Hamad by mail to request that he voluntarily dismiss his claim, explaining that the suit was frivolous. Further, the district court implored Hamad to file a voluntary dismissal of his lawsuit against all defendants or face sanctions. Instead Hamad, who has a ten year history of filing frivolous suits in this court, continued to pursue actions in this suit against myriad parties. Taking into account the evidence submitted by Appellees in support of their fees as well as the fact that Hamad was warned against continuing to pursue these claims, all of which were without merit, we GRANT Daniel Pipes's and Middle East Forum's motion for attorneys' fees against Hamad in the amount of $32,944.50.

For the foregoing reasons, we AFFIRM the ruling of the district court in its entirety, DENY Dotster Inc.'s request for sanctions, GRANT Dotster Inc.'s request for costs, and GRANT Pipes's and the Middle East Forum's motion for attorneys' fees in the amount of $32,944.50.